### ARKANSAS CENTRAL RAILROAD COMPANY *v.* STATE. (1)

### Opinion delivered February 27, 1904.

1. RAILROAD COMPANY—LIABILITY FOR ACTS OF RECEIVER.—Where the trains of a railroad company were in the exclusive possession of a receiver, the railroad company will not be liable for the failure of the receiver's employees to signal at a public crossing, as required by Sand. & H. Dig., § 6196. (Page 251.)

2. APPEAL—MODE OF BRINGING MOTION INTO RECORD.—Where a motion to require the plaintiff to make its complaint more definite and certain was not made part of the record by bill of exceptions, and the overruling of it was not made a ground of the motion for a new trial, it will not be considered on appeal. (Page 251.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*Oscar L. Miles,* for appellant, on case No. 4819.

Sand. & H. Dig. § 6196, requiring certain signals to be given at railroad crossings, does not apply to receivers. 44 Ark.

322; Pierce, Railroads, 285; High, Rec. § 396; 23 Ind. 553; 58 Ark. 43; 38 Ark. 521; 59 Ark. 356; 55 Ark. 302; 26 S. N. 486; 2 Elliott, Railroads, § 577; 60 Fed. 176; 5 Ga. 481. The court erred in not requiring the complaint to be made more definite and certain. 55 Ark. 200; 59 Ark. 168; 63 Ark. 134.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J. In these two cases the state of Arkansas sought to recover of the Arkansas Central Railroad Company a penalty of $200 on account of failure to give signals by ringing a bell or whistling at a crossing of a public road by its railroad, in Sebastian county, according to Sand. & H. Dig. § 6196. In each case the failure to ring a bell or whistle was alleged and proved to have occurred in the month of November, 1899. At that time the locomotives, cars and trains of the defendant were in the exclusive possession of a receiver, placed there by an order of a court of competent jurisdiction, the defendant having no control over the same.

The state recovered a judgment against the defendant for the penalty, and it appealed.

The possession of the receiver was not the possession of the appellant, but was antagonistic thereto; and it (appellant) had no right to possess, control or manage its trains to any extent and in any manner while in the hands of the receiver, and consequently it was not responsible for the negligence of the receiver and his servants or agents in operating the railroad, and their failures to ring a bell or sound a whistle at public crossings. *Memphis & Little Rock Railway Co.* v. *Stringfellow,* 44 Ark. 322.

Appellant filed a motion to require the appellee to make its complaint more definite and certain, and the court refused to sustain it. As the motion was not made a part of the record by bill of exceptions (*Line* v. *State,* 131 Ind. 468, and *Arnold* v. *Arnold,* 140 Ind. 199) and the overruling of it was not made a ground of the motion for a new trial, we cannot consider it.

The judgment of the trial court is therefore set aside, and a judgment for appellant upon the merits is rendered here.