## LEONARD v. CITY OF TERRE HAUTE.

[No. 7,242.   Filed February 3, 1911.   Rehearing denied June 20, 1911.]

1. MUNICIPAL CORPORATIONS.—Officers.—Fire Chief.—Removal.—Under §8781 Burns 1908, Acts 1905 p. 219, §160, providing that "every member of the fire and police forces, and all other appointees of the commissioners of public safety, shall hold office until they are removed by the board" and that "they may be removed for any cause other than politics," after a hearing upon preferred charges, a fire chief of a city of the third class cannot be removed for political reasons. p. 110.

2. MUNICIPAL CORPORATIONS.—Officers.—Fire Chief.—Under §8780 Burns 1908, Acts 1905 p. 219, §159, providing that the board of public safety "shall appoint * * * a chief of the fire force and all other officers, members and employes of such fire" force, such chief is a public officer and can be discharged from such office only as the statute directs. p. 110.

3. MUNICIPAL CORPORATIONS. — Firemen. — Fire Chief.—Salary.—Complaint.—A complaint in two paragraphs, the first of which alleges that the plaintiff was fire chief of defendant city of the third class, that the board of safety discharged him for political reasons only, and that a certain sum is due to him as salary, the second, alleging that he had been a member of the fire force for twenty years and had never been dismissed and that there

was due to him a certain sum, is sufficient, such discharge being void, such complaint entitling plaintiff to recover upon one paragraph but not upon both. pp. 110, 114.

4. OFFICERS.—*De Facto.*—*De Jure.*—*Salaries.*—*Quo Warranto.*— Where a *de facto* officer is in possession and performing the duties of an office, the *de jure* officer, to recover the salary, must first establish his right to such office by a *quo warranto* proceeding. p. 112.

5. MUNICIPAL CORPORATIONS.—*Fire Chief.*—*Salary.*—*Answer.*—In an action by a chief of the fire department of a city of the third class for salary as chief and also as a fireman, answers alleging that the plaintiff surrendered and abandoned the position as fire chief and as a fireman are sufficient on demurrer, since they constitute argumentative denials. p. 114.

6. OFFICERS.—*Salary.*—*Performance of Duty.*—The salary of an official position belongs to the officer as an incident to the office and does not depend upon the performance of the duties of such office. p. 114.

7. MUNICIPAL CORPORATIONS.—*Firemen.*—*Salary.*—*Performance of Duty.*—The statute makes provision for the appointment, compensation and removal of city firemen, and since their duties are of a public nature they are so far official that either a chief or a fireman is entitled to his salary as an incident to the position, whether he performs the duties of such position or not. p. 114.

8. PLEADING.—*Rulings.*—*When Harmless.*—Error in overruling a demurrer to a paragraph of answer is harmless, where no evidence was introduced in support of such answer. p. 115.

9. MUNICIPAL CORPORATIONS. — *Firemen.* — *Salaries.* — *Evidence.*— Evidence that the plaintiff was a fire chief in a city of the third class, that the board of safety appointed another, that plaintiff introduced the new appointee and asked to be assigned to duty under him and that he was never so assigned, does not support a verdict for defendant, where one paragraph of complaint alleged that plaintiff was a fire chief and that such board discharged him for political reasons only, and another alleged that he was a fireman and had never been discharged. p. 115.

From Parke Circuit Court; *Gould G. Rheuby,* Judge.

Action by Elias F. Leonard against the City of Terre Haute. From a judgment for defendant, plaintiff appeals. *Reversed.*

*White & White* and *R. B. Stimson,* for appellant.

*Frank S. Rawley, Howard Maxwell, J. S. McFaddin, Fred W. Snider* and *P. M. Foley,* for appellee.

LAIRY, P. J.—Appellant brought an action in the Vigo Circuit Court against the city of Terre Haute. The case was taken on a change of venue to the Parke Circuit Court, where a trial was had, and a judgment rendered in favor of appellee.

The complaint is in two paragraphs, and, omitting the formal parts, is as follows. ''(1) Elias F. Leonard complains of the city of Terre Haute, and for cause of action alleges that defendant is a city of the third class, and for more than twenty years has maintained, and still maintains, a paid fire department; that said city has created and maintains a firemen's pension fund, which fund is made up largely of money deducted from the salaries of the members of said fire department; that on December 5, 1904, plaintiff was appointed by the board of public safety to the office of chief of said fire department, and served in that office until September 4, 1906; that the salary of said chief of said fire department at the time of plaintiff's appointment to said office as aforesaid, was, and ever since has been, $100 a month; that out of plaintiff's salary, as such chief, the usual sums were deducted and paid into said pension fund; that on September 4, 1906, the board of public safety of said city, unlawfully attempted to depose said plaintiff from said office of chief of said fire department, by an order deposing him from said office, which order was made without a hearing, without any notice to plaintiff, and for political reasons only; that on account of said unlawful order of said board, and for no other reason, defendant took plaintiff's name from the pay-roll of said fire department, and refused and still refuses to pay plaintiff his salary as chief of said fire department; that the salary of said office becomes due and is payable at the end of each calendar month; that the salary accruing to plaintiff as chief of said fire department from August 31, 1906, to December 1, 1906, is due and unpaid, in the principal sum of $300, with interest on the instalments thereof as they became due. (2) Elias F. Leon-

ard complains of the city of Terre Haute, and for reason of action alleges that the defendant is a city of the third class, and for more than twenty years has maintained and still maintains a paid fire department; that said city has created and maintains a firemen's pension fund, which fund is made up largely of money deducted from the salaries of members of said fire department; that plaintiff is an expert fireman, and for more than twenty years has been and still is a member of said fire department; that the salary of an expert fireman in said department, since June, 1906, has been and still is, $67.50 a month, which salary becomes due and is payable at the end of each calendar month; that from December 5, 1904, to September 4, 1906, plaintiff acted as chief of said fire department, at a salary of $100 a month; that on September 4, 1906, the board of public safety of said city made an order deposing plaintiff from acting as chief of said department, which order was made for political reasons only; that no charge has been made against plaintiff as a member or as chief of said department, and no order has been made dismissing plaintiff from said department; that defendant, by reason of said order of the board of public safety of said city deposing plaintiff from acting as chief of said fire department, and for no other reason, has unlawfully stricken plaintiff's name from the pay roll of said department and has refused and still refuses to pay to plaintiff the salary that has accrued to him as an expert fireman of said department from December 3, 1906, which amounts to $197.75; that the sum now due and unpaid on account of said salary is $197 principal, and interest on the several instalments of said salary as they became due. Wherefore, plaintiff demands judgment against defendant for $350, and for all proper relief."

To this complaint appellee filed three paragraphs of answer. The first was a general denial, and the two other paragraphs were as follows: "(2) Comes now the defendant, and for further and second answer to plaintiff's complaint

says: That for a long time prior to September 5, 1904, plaintiff was a member of the fire department of the city of Terre Haute; that on September 5, 1904, he became and was an applicant for the place of chief of the fire department of said city of Terre Haute, and was by the board of public safety of said city duly appointed to the office of chief of the fire department; that on said day said plaintiff duly qualified for, and took possession of, the office of chief of said fire department; that he continued as chief of said fire department until September 3, 1906, when said plaintiff surrendered and abandoned said office to John Kennedy, now chief of said fire department, and has not since said time acted as chief of said fire department, nor attempted to fill the office of chief of said fire department. (3) Comes now the defendant, and for further answer to the second paragraph of plaintiff's complaint says: That for a long time prior to September 5, 1904, plaintiff was a member of the fire department of the city of Terre Haute; that on September 5, 1904, plaintiff was duly appointed chief of the fire department of said city, and continued his duties as said chief until September 3, 1906, when he surrendered and abandoned the office of chief of said fire department, and as a member of said fire department, and has not been a member of said fire department since that time, nor acted in the capacity of a member of said fire department since said time. Wherefore, defendant asks judgment for costs.''

After the case was venued to Parke county, appellant filed two paragraphs of supplemental complaint, in the first of which he alleged that since the filing of the first paragraph of the original complaint, and up to the time of the filing of the supplemental complaint, he had continued to be chief of the fire force of the city of Terre Haute; that as such chief his salary had continued to accrue since the filing of the complaint; that the city refused to pay his salary so accrued, and he prayed judgment for such accrued salary. The second paragraph of supplemental complaint was, in substance,

the same as the first, with the exception that it was alleged that the salary that had accrued since the filing of the second paragraph of complaint was the salary due him as a member of the fire force of said city.

Appellee filed three paragraphs of answer to the supplemental complaint, and each paragraph thereof. The first was a general denial; the second stated, in substance, that on September 3, 1906, appellant wholly abandoned and surrendered the office of chief of the fire department of said city, and also at said time wholly abandoned and surrendered the office of member of the fire department of said city, and has not, since said date, acted as chief of said department or as a member thereof. The third stated, in substance, that appellant was, at all times since September 1, 1906, an able-bodied man; that he had made no effort since said date to obtain employment, and that had he done so he could have obtained employment and could have earned $100 each month since that date.

Appellant replied to the second and third paragraphs of answer to the supplemental complaint. The first and second paragraphs of reply were general denials, and the third paragraph of reply admitted that appellant had performed no services as chief or as a member of said Terre Haute fire department since the order was made by the board of public safety of said city, deposing him as chief of said department, but that he had held himself in readiness to perform said services ever since said order was made, and had been prevented from rendering said services by defendant, its officers and employes.

A separate demurrer to each paragraph of the complaint was overruled, which ruling is assigned in this court as cross-error by appellee. This question will be considered first, for the reason that if neither paragraph of the complaint states a cause of action, the judgment below would necessarily be affirmed.

The appointment and discharge of the officers and mem-

bers of the fire force of cities of the class to which appellee belongs is regulated in this State by statute. Section 8779 Burns 1908, Acts 1907 p. 168, provides for the appointment of a board of public safety. Section 8780 Burns 1908, Acts 1905 p. 219, §159, provides that such board of public safety shall appoint a chief of the fire force, and all other officers, members and employes of such force. Section 8781 Burns 1908, Acts 1905 p. 219, §160, contains the following provision: "Every member of the fire and police forces, and all other appointees of the commissioners of public safety, shall hold office until they are removed by the board." The remainder of the section provides the causes for which, and the proceedings by which, such appointees may be removed.

It is suggested that the first paragraph of the complaint is insufficient, for the reason that the statute under consideration does not apply to the chief of the fire department, so as to prevent his removal from the position as chief of the force, and that a fire chief may be removed from such positions for political reasons, and without conforming to the provisions of the section of the statute as to charges, notice and hearing.

As we construe the statute, we cannot agree with this contention. The chief of the fire force is an office created by the statute, and the board of public safety is empowered to fill this office by appointment. This officer is one of the appointees of said board, and under the provisions of §8781, *supra,* such board would have no power to remove such appointee, for political reasons, from the position to which he had been appointed, or in any other manner than as provided in said section.

The second paragraph of the complaint proceeds upon the theory that appellant was a member of the fire department of the city of Terre Haute, that he was a member of the force before his appointment as chief of said force, and that by reason of said appointment he did not

cease to be a member of said fire force; that even though the board had a right to remove him as fire chief, such removal would not operate to remove him from the force.

Both paragraphs proceed upon the theory that the action of the board of public safety of said city, in discharging plaintiff without notice or hearing, was absolutely void, and that, notwithstanding the action of said board, he still continued to be a member of the fire force, and also chief of the fire force, by virtue of his former appointment to that office.

It is contended by appellee that both paragraphs are insufficient, for the reason that it appears that the appellant, before the commencement of this action, had been removed from the position as chief of the fire force, and also from the fire department of the city of Terre Haute; that, not being in possession of said office, he could not bring an action for his salary until he had first established his title to said office by an action of *quo warranto*.

This question does not arise upon the demurrer to the complaint. It does not appear from the face of the complaint that the board of public safety had appointed any other person to the office of chief of the fire force, or that any other person was in possession, and discharging the duties, of such office under color of right. The demurrer admits the allegations of the complaint. It admits, therefore, that appellant was appointed, as charged in the first paragraph of complaint, to the position of chief of the fire force by the board of public safety on December 5, 1904, and that on September 4, 1906, the board of public safety of said city attempted to depose him from said office by an order to that effect, made solely for political reasons, and without any notice or hearing. As to the second paragraph of complaint, the demurrer admits the averments that appellant was, at the date of filing his complaint, and has been for more than twenty years, a member of the fire department of the city of Terre Haute, and that no charge had ever been made against him as a member or as chief of said fire depart-

ment, and that no order had been made dismissing him from said department. Under our statutes bearing upon the subject, we hold that the order made by the board of public safety of the city of Terre Haute, by which it was attempted to remove appellant from the position of fire chief, without notice or hearing, was absolutely void, and ineffectual for that purpose. *Roth* v. *State, ex rel.* (1902), 158 Ind. 242. We also hold that each paragraph of the complaint states facts sufficient to constitute a cause of action. Appellant could not, of course, recover upon both paragraphs of the complaint, but might recover upon one or the other as the facts might warrant.

We recognize the principle of law announced in the line of cases which hold that when a *de facto* officer is in possession of an office, and discharging its duties under color of right, a person claiming to be a *de jure* officer, and as such entitled to the possession of the same office, cannot maintain an action for the salary or fees incident to the office. He must, in such case, first establish the right to the office by a *quo warranto* proceeding. To permit him to sue for the salary of the office, under such circumstances, would be to permit him to try the title to an office in a collateral proceeding to which the person in charge of the office under color of right was not a party. *Hagan* v. *City of Brooklyn* (1891), 126 N. Y. 643, 27 N. E. 265; *Van Sant* v. *Atlantic City* (1902), 68 N. J. L. 449, 53 Atl. 701.

The case of *State, ex rel.,* v. *Carr* (1891), 129 Ind. 44, 13 L. R. A. 177, 28 Am. St. 163, is not in conflict with the cases last cited. In that case the relator, in addition to being a *de jure* officer, occupied apartments set apart to him in the Statehouse, and actually discharged the duties of the office during the time the salary sued for accrued. He was, therefore, during said time both a *de jure* and a *de facto* officer, and was permitted to maintain a mandamus proceeding to compel the Auditor of State to issue a warrant for his sal-

ary, notwithstanding the office and its salary had been claimed by another during said time.

The case at bar is similar to the case of *McGee* v. *State, ex rel.* (1885), 103 Ind. 444, and the same principle applies here. McGee resigned as county superintendent of schools, and the township trustees appointed relator to fill the vacancy. After relator had qualified, he demanded of his predecessor the possession of the books, papers and furniture belonging to the office, and being refused such possession, he brought suit for a writ of mandate to compel his predecessor to turn them over to him. The court said: "Proceedings in *quo warranto* may be resorted to, and are aptly designed for the purpose of trying title to, and in cases of dispute, obtaining possession of an office, and because an ample remedy is thus afforded, mandamus does not lie for the purpose of gaining possession or settling such title. High, Extra. Legal Rem. §49, *et passim*. The application in this case does not proceed upon the theory that there is an existing dispute about the title to or possession of the office. It avers that appellant resigned, and that appellee was duly appointed and qualified in his stead to fill his unexpired term, and that he entered upon the duties of the office. This presents no question of conflicting claims. The question presented related to the refusal of the appellant to turn over the proper records to his successor, and the demurrer in effect admitting that the appellee is his successor, and that the appellant's right is at an end. Admitting that he had resigned, and that the appellee was duly appointed his successor, there was but one thing more required of the appellant, and that was to turn over to him the records and furniture pertaining to the office. Failing to do this, mandamus was the proper remedy. *Johnson* v. *Smith* [1878], 64 Ind. 275."

In the case at bar, the complaint does not proceed on the theory that there is an existing dispute about the title to or

the possession of an office. It is not disclosed by the complaint that any person other than appellant had ever been appointed to said office, or that any other person was in possession thereof, or discharging the duties appertaining thereto under color of right. As it does not appear from the pleadings that the title to an office was in dispute between adverse claimants, and as the complaint proceeds upon the theory that appellant was the undisputed claimant to the office, there can be no grounds for holding that under such circumstances he cannot maintain an action for the salary incident thereto.

Demurrers were filed and overruled to the second and third paragraphs of answer to the complaint, and also to the second and third paragraphs of answer to the supplemental complaint. The first and second paragraphs of answer to the complaint, and the second paragraph of answer to the supplemental complaint, contain substantially the same averments, and will be considered together. Each avers, in substance, that appellant, on September 3, 1906, surrendered and abandoned his office of chief of the fire force, and at the same time, he abandoned his position as a member of the force, and that since that time he has not acted as chief or performed any duties as fireman. These answers are good as argumentative denials, and for that reason no prejudicial error was committed in overruling the demurrers thereto. *Kinney* v. *Dodge* (1885), 101 Ind. 573; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243.

The salary of an official position belongs to the officer occupying such position, as an incident to the office, and does not depend upon his performance of the duties of the office. The statute makes provision for the chief of the fire force. It also provides for his appointment, the manner of fixing his compensation, and the proceedings by which he can be removed. His duties are of a public nature. We therefore conclude that the duties of ·

the chief of the fire force, or of a member of the department, are so far official in their character, that one holding either position is entitled to draw his salary as an incident to such position, whether he performs the duties of such position or not. *Andrews* v. *City of Portland* (1887), 79 Me. 484, 10 Atl. 458, 10 Am. St. 280; *Fitzsimmins* v. *City of Brooklyn* (1886), 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835.

As there was no evidence offered by appellee in support of the third paragraph of answer to the supplemental complaint, and as the evidence of appellee on that subject did not tend to prove any of its allegations, the error of the court, if any, in overruling a demurrer thereto, was harmless.

8.

The only issues of fact that were presented to the court for trial were the issues made upon the first and second paragraphs of the complaint, and the first and second paragraphs of the supplemental complaint, by the answers in general denial thereto; and the only evidence that could be considered by the court in reaching its decision was such as could properly be admitted under the general denial.

The next question to be considered is, Does the evidence, under the issues presented by the pleadings, sustain the decision of the trial court? The evidence introduced by appellant tends to prove every material allegation of the complaint, and this evidence is undisputed, except so far as the evidence tending to show that appellant abandoned his office as fire chief and his position on the fire force may be considered. The evidence on this subject shows, without dispute, that on September 3, 1906, appellant was called to the city hall, where he met Mr. Kennedy, and learned that Kennedy had been appointed chief of the fire force, and that after learning this fact, appellant went with Kennedy and introduced him to the men on the fire force as the new chief; that afterwards, when they arrived at the office, appellant delivered the keys to Kennedy, saluted him as chief, and asked to be assigned to duty. Whether these

9.

facts show an abandonment of the office of chief of the fire force would depend upon whether they were done voluntarily or under coercion. The circumstances of these acts and the acts themselves are of such a nature that one man, fair-minded, intelligent and honest, might reach the conclusion that they were done voluntarily, while another man, equally fair minded, intelligent and honest, might reach a different conclusion. If the judgment below rested only upon the first paragraph of the complaint, we could not disturb it upon the evidence. There was, however, a judgment against appellant upon both paragraphs of complaint, and we find no evidence which proves, or even tends to prove, that he ever abandoned his position as a member of the fire force. There is no evidence that appellant at any time, either by word or conduct, indicated an intention to abandon his position on the force. All his acts and conduct, disclosed by the evidence, indicate the opposite intention. At the time he turned over the keys he reported for duty, and, according to appellant's testimony, he reported for duty several times afterward, the last time being on November 17, 1906, at which time he was told by Kennedy that he would be notified when he (Kennedy) was ready to assign him to duty. So far as Mr. Kennedy testified on the subject, he corroborates appellant, and his testimony is not disputed by any other witness. There is no evidence, which can be considered under the issues as formed, which tends to dispute or contradict the evidence which clearly sustains every material allegation of the second paragraph of complaint.

The judgment of the trial court is reversed, with directions to grant a new trial.