## FORT SMITH *v.* QUINN.

## Opinion delivered December 21, 1925.

1. MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYEE—REVIEW.—
   Acts 1913, No. 13, § 19, subdiv. (c), providing that a civil service
   employee, when discharged, may appeal to the board of city com-
   missioners, did not cut off review of such matter by the courts,
   the proceedings before the board being *quasi* judicial in nature
   and not exclusively administrative or ministerial.

2. MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYEE.—A civil ser-
   vice employee could not, under Acts 1913, No. 13, § 19, subdiv.
   (c), be discharged merely for failure to pay his debts out of his
   salary, where no rules governing the discharge of employees had
   been adopted and the employee had not violated any rules or
   failed to perform any duties.

3. GARNISHMENT—PUBLIC EMPLOYEES.—Creditors of public officials
   are not permitted to garnish their salaries.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John E. Tatum,* Judge; affirmed.

*George W. Dodd,* for appellant.

*Cravens & Cravens,* for appellee.

HUMPHREYS, J. This is an appeal from the judgment
of the circuit court of Sebastian County, Fort Smith Dis-
trict, rendered in a certiorari proceeding by appellee
against the board of commissioners of the city of Fort
Smith, setting aside the discharge of appellee from the
Fort-Smith Fire Department and ordering his reinstate-
ment. Appellant contends for a reversal of the judgment
upon the ground that the circuit court was without juris-
diction to review the proceedings of the board of commis-
sioners of the city of Fort Smith in discharging appel-
lant. At the time of appellee's discharge on the 26th day
of May, 1924, he was a duly qualified and acting member
of the Fort Smith Fire Department under civil service
rules and regulations provided by § 19, sub-section (b) of
act 13 of the Acts of the General Assembly of 1913. It is
argued that the intention of the Legislature was to make
the action of said board in discharging a civil service
employee final and not reviewable by courts, because sub-
section (c) of said act contained the following provision:

"Such employee (or officer discharging or suspending him) may within five days after such ruling appeal therefrom to the board of commissioners, who shall fully hear and determine the matter."

We do not think the language of that provision broad enough to evidence an intention on the part of the Legislature to cut off a review by the courts. Had the intention of the Legislature been to cut off a judicial review of the board's proceedings in discharging a civil service employee, it could have expressed such intention in definite terms. The language employed was appropriate language to use in conferring original jurisdiction without reference to the review of the proceedings. Under the rule announced in the case of *Hall* v. *Bledsoe,* 126 Ark. 125, the proceeding before the board was *quasi*-judicial in its nature and not exclusively administrative or ministerial. This is an additional reason why the language of the provision should not be interpreted as precluding the right of judicial review.

Appellant also contends for a reversal of the judgment upon the alleged ground that there is some substantial evidence in the record made before the board and certified to the circuit court to sustain the discharge of appellee. The only ground upon which a civil service employee may be discharged under § 19, sub-section (c) of said act, is for misconduct or a failure to perform his duties under such rules and regulations as the board may adopt. As we understand the record, neither the board of commissioners nor the civil service board had adopted any rules and regulations governing the discharge of such employees at the time appellee was discharged, and it is not claimed that appellee violated any such rules or that he failed to perform his duties. It seems that appellee was discharged by the chief of the fire department under the order of one of the board of commissioners, which order took the form of a letter directed by the commissioner to the chief. The letter is as follows:

"Mr. M. J. Brun, Chief Fire Department; Mr. Eugene Quinn, Member Fire Department, City.

"Gentlemen: This is to notify you that it has become necessary to reduce the expenses of the fire department for the reason that during the months of July, August, and September, we have bills against the fire department which will have to be met, therefore I am adopting a policy when it becomes necessary to reduce the force of the fire department to lay off those whose service is unsatisfactory first.

"Mr. Quinn's service has been very unsatisfactory, especially in regard to paying bills that he justly owes. This will be your authority to relieve Mr. Quinn from service effective Monday morning, May 26, 1924.

"Yours truly,

"Commissioner No. 1."

It will be observed that the gist of the charge in the letter was a failure on the part of appellee to keep all his debts promptly paid. It is true the letter recites it had become necessary to reduce the expenses of the fire department on account of bills which had to be met during the months of July, August, and September, and that it had become necessary to reduce the force in order to meet these bills, but the testimony responsive to this declaration was too general to be tangible. Even if it had been necessary to reduce the force for this purpose, we cannot agree that the method adopted was reasonable and just. Creditors of public officials and employees are not permitted to garnish their salaries. A rule requiring civil service employees in the fire department to pay their debt out of their salaries would in effect impound their salaries for such purposes. Besides, no such rule had been adopted by either the civil service board or the board of commissioners before appellee was discharged on this account. The undisputed evidence in the case reveals that appellee was discharged because he had failed to pay all of his debts out of his salary, and not because of a *bona fide* effort on the part of the board of

commissioners to reduce the expenses of the fire department by reducing the force. The commissioner who ordered the discharge testified himself that he offered to let appellee go right back to work if he would show an effort to pay his bills.

Under this interpretation of the testimony, we think there is an entire want of substantial testimony in the record to sustain the discharge of appellee, and that the action of the board in discharging this veteran in service for the sole reason that he was unable to meet all his bills out of his salary was arbitrary.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J., (dissenting). It is conceded that a discharged employee is not without remedy, and that the proper remedy is certiorari, as was adopted in the present case, but the authority of the court is to review merely for error and not to substitute the judgment of the court for that of the commissioners. The only question therefore, as said by this court in the case of *Hall* v. *Bledsoe,* 126 Ark. 125, is whether or not there was substantial evidence to support the finding of the board. Appellant had a hearing before the board, and, if the evidence was legally sufficient to justify his discharge, then the action of the board should not be disturbed.

The statute under which the Fort Smith city government operates provides a civil service plan for the protection of employees, but it does not hamper the power of the board of commissioners in discharging employees for cause, nor does it affect the power of the commissioners to select the ones to be discharged in case of a reduction of force. There is no rule of seniority created which requires the commissioners, in discharging employees in order to reduce the number, to begin with those lowest in seniority. The commissioners decided that it was necessary to discharge some of the force in order to bring the expenses within the revenues of that department, and they selected appellant as one of those to be discharged. He was selected for the reason that his

services had become unsatisfactory on account of his having continuously lived beyond his salary and caused annoyance and inconvenience to the board in frequently giving orders to creditors on the city clerk. The reasons for the discharge are set forth in the letter copied in the opinion of the majority, and it seems to me that the reasons given in that letter, which are fully substantiated by the testimony, are sound. It is not a question of compelling a man to pay debts, but an exercise of judgment on the part of the commissioners in determining that a man who is living beyond his salary at all times and giving orders on the clerk for deductions out of his salary is an unsatisfactory employee. At least the commissioners had a right to adopt that as a reason why they should discharge him, instead of some other employee, in reducing the expenses of the department. I am unable to perceive how a conclusion can be reached that the action of the commmmissioners is wholly without justification. The effect of the decision is, I think, to substitute the judgment of the court for that of the board of commissioners, where it has been lodged by the statute.

Mr. Justice SMITH agrees with me in these views.