FORT SMITH v. QUINN.

Opinion delivered July 11, 1927.

1. MUNICIPAL CORPORATIONS—OFFICER OF CITY.—A member of the city fire department holding his position under Acts 1913, chapter 13, § 19, was an officer of the city and entitled to his salary during the time he was wrongfully excluded from office.

2. MUNICIPAL CORPORATIONS—RIGHT OF CITY TO SET-OFF EARNINGS OF OFFICER WRONGFULLY EXCLUDED.—In an action by a member of the city fire department holding a position as civil service employee under Acts 1913, chapter 13, § 19, to recover his salary while wrongfully excluded from that position, the city could not set-off the amount earned by him during that period while a member of the fire department of another city.

3. MUNICIPAL CORPORATIONS—BREACH OF EMPLOYMENT—RIGHT TO SET-OFF EARNINGS.—The rule that, in actions for breach of contract of employment, the earnings of the plaintiff may be set-off does not apply to actions by employees under civil service, but only to cases where there has been wrongful breach of employment contract.

4. MUNICIPAL CORPORATIONS—RIGHT TO RECOVER SALARY.—A member of a city fire department who was a civil service employee, under Acts 1913, chapter 13, § 19, was entitled to recover his salary while wrongfully excluded from his office, although after the order of reinstatement, which was affirmed on appeal, he did not actually re-enter the employment of the city.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Pryor, Miles & Pryor,* for appellant.

*Cravens & Cravens,* for appellee.

McHANEY, J.   Appellee was discharged by the city commission of the city of Fort Smith, Arkansas, on May 26, 1924, as a member of the Fort Smith Fire Department, and on a trial of the case, both in the circuit court and in this court, it was held that he had been wrongfully discharged, and his reinstatement was ordered. The facts in the case and the reasons therefor are stated in the case of *Fort Smith* v. *Quinn,* 170 Ark. 54, 278 S. W. 625, and this case grows out of that. It is a suit to collect his salary at the rate of $110 per month from the time of his discharge, May 26, 1924, until the 16th day of February, 1926, at which latter date he was reinstated. The case was tried before the court sitting as a jury, and the court found that he was entitled to his pay between those dates, at the rate stated, less $130, which the court found he had earned in other employment between those dates. This left a balance due appellee in the sum of $2,125, for which judgment was entered, and the city has appealed.

Appellant's first contention for reversal is that the contract of employment is void for want of mutuality. The answer to that contention is that appellant was not serving as an officer in the fire department by virtue of a contract.   He held his office as such member pursuant to the civil service act of Arkansas, applicable to cities with the commission form of government, and the rules enacted pursuant thereto, which is act 13 of the Acts of 1913, page 48.   Section 19 of said act provides for the creation of a board of civil service commissioners, who shall hold examinations, under rules and regulations, to determine the qualifications of persons desiring appointment to municipal positions, and who shall certify those qualified as shown by such examinations, and all vacancies in municipal positions are required to be filled from such certified list.   It is admitted that appellee was selected pursuant to this act, and it necessarily follows that he did not hold his position by virtue of any contract, express or implied.   As was said in the case of *City of*

*Louisville* v. *Gorley* (Ky.), 80 S. W. 203, which involved the right of policemen illegally prevented from discharging their duties, and who had been employed under a civil service act, to recover their salaries, "the appellees derived their pay by reason of law and not by contract."

In the case of *Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835, the court used this language:

"The rule sought to be applied by the city to the claim of the plaintiff finds its usual and ordinary operation in cases of master and servant and landlord and tenant; relations not at all analogous to those existing between the officer and the State or municipality. The rule in those cases is founded upon the fact that the action is brought for a breach of contract and aimed to recover damage for that breach or compensation for the servant's loss actually sustained by the default of the master, * * * but this rule of damages has no application to the case of an officer suing for his salary, and for the obvious reason that there is no broken contract or damages for its breach where there is no contract. We have often held that there is no contract between the officer and the State or municipality by force of which the salary is payable. That belongs to him as an incident of his office and so long as he holds it; and, when improperly withheld, he may sue for it and recover it. When he does so, he is entitled to his full amount, not by force of any contract but because the law attaches it to the office; and there is no question of breach of contract or resultant damages out of which the doctrine invoked has grown."

To the same effect, see *Paden* v. *City of New York,* 92 N. Y. (Supp.) 926, 45 Misc. Rep. 517; *City of Chicago* v. *Luthardt,* 61 N. E. 410, 191 Ill. 516; *People* v. *Laffer,* 175 Ill. 585, 51 N. E. 785. And in the case of *Leonard* v. *City of Terre Haute,* 93 N. E. 872, 48 Ind. App. 104, the Supreme Court of Indiana said:

"The salary of an official position belongs to the officer occupying such position as an incident to the office

and does not depend upon his performance of the duties of the office. The statute makes provision for the chief and the fire force. It also provides for their appointment, the manner of fixing their compensation and the proceedings by which they can be removed. Their duties are of a public nature. We therefore conclude that the duties of the chief and fire force or a member of the department are so far official in their character that the one holding either position is entitled to draw his salary as an incident to such position, whether he performs the duties of such position or not.''

Appellee was undoubtedly an officer of the city of Fort Smith. This court, in *Lucas* v. *Futrell,* 84 Ark. 540, 106 S. W. 667, quoted approvingly from *U. S.* v. *Maurice,* 2 Brock. 96, Fed. Cas. No. 151, 747, where Chief Justice Marshall, speaking for the court, said:

"An office is defined to be a public charge or employment, and he who performs the duties of the office is an officer. * * * Although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to do an act or perform a service, without becoming an officer. But if a duty be a continuing one, which is defined by rules prescribed by the Government, and not by contract, which an individual is appointed by Government to perform, who enters on the duties appertaining to his station, without any contract defining them, if those duties continue, though the person be changed, it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer.''

We therefore hold that appellee was not serving the city of Fort Smith under a contract, and that appellant's contention on this point is not well taken.

The next contention of appellant is that, even though appellee should recover, the amount thereof should be offset by the amount he earned while working for the Ponca City Fire Department in Oklahoma. We do not agree with appellant in this contention. The court

deducted one month's salary on this account in the sum of $130, and allowed appellee to recover from the time of his discharge to the date of the order of his reinstatement, less $130, which he had received in other employment. What we have said with reference to the first contention of appellant applies with equal force here, and the authorities there cited are applicable here.

In the case of *Andrews* v. *Portland*, 79 Me. 484, 10 A. 458, Am. St. Rep. 280, the court held that an officer illegally discharged could recover his compensation for the period between the wrongful discharge and his reinstatement, and that the city could not offset an amount earned by him in other employment during the period he was wrongfully prevented from working. See also *Peterson* v. *City of Butte,* 120 Pac. 483, 41 Mont. 401; *Reising* v. *City of Portland,* 57 Ore. 295, 111 Pac. 377, Ann. Cas. 1912B, 895. The rule of law contended for by appellant does not apply to employees under the civil service, and only to those cases in which there has been a wrongful breach of the contract of employment, in which case the city may offset the earnings of the employee in other employment to reduce the damages caused by the breach.

It is finally contended that appellee cannot recover because it is claimed that he was not reinstated. But he was reinstated by the order of this court, affirming the judgment of the lower court. The city commission thereafter made an order reinstating him. The fact that he did not actually reenter the service of the Fort Smith Fire Department did not preclude his right to recovery during the time appellant unlawfully deprived him of his employment.

We find no reversible error, and the judgment is accordingly affirmed.