The Honorable Jacqueline Roberts State Representative P.O. Box 1291 Pine Bluff, Arkansas 71613
Dear Representative Roberts:
This is in response to your request for an opinion on whether it is a conflict of interest for a city council member to also serve on the city police force.
It is my opinion that such dual service is prohibited.
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). It is my opinion that each of these types of conflicts of interest may be implicated by your question.
As an initial matter, the "separation of powers" doctrine contained in art. 4, § 2 of the Arkansas Constitution may be implicated by your question. Although there appears to be some confusion as to whether this provision is applicable to local offices (see Peterson v. Culpepper, 72 Ark. 250, 79 S.W. 783
(1906) and State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904)), a local police officer clearly exercises executive powers, and a city council member exercises legislative powers.
It is also my opinion that this dual service may be prohibited by state statute or rule of the local civil service commission. Your request does not state which office the individual in question held first; that is, you do not state whether a current member of the city council contemplates service as a police officer or vice versa. A sitting city council member is prohibited, in my opinion, from accepting a position as a police officer by A.C.A. § 14-42-107(a)(2), which provides that "[n]o alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected." This office has previously opined that the position of city police officer is an "office." See Opinion No. 91-314. If, however, a current police officer contemplates running for a position on the city council, A.C.A. § 14-51-303
(Cum. Supp. 1991) is applicable and now provides that the local civil service commission may regulate, in its rules and regulations, the political activities of police officers. Reference to these rules should thus be had in this instance.
It is my opinion, however, that the most apposite prohibition relevant to your question is the common law "incompatibility of offices" doctrine. It has been stated under this doctrine that incompatibility exists "where there is a conflict of interests, which includes inter alia, where one office is subordinate to the other." Byrd, supra at. 745. See also Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). It was stated in the last cited case as follows:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other.
193 Ark. at 1025.
The offices of city police officer and city council member are incompatible. Although certain aspects of service on the police department in some cities, including Pine Bluff, are governed by local civil service commissions, and are in general organized under the superintendence of the mayor (A.C.A. § 14-52-101), it is my opinion that supervisory authority exists on the part of the council even if it is indirect. Vacancies on the civil service commission are filled by the city council. A.C.A. §14-51-211. The city council is responsible for passing upon matters involving funding of the police department. A.C.A. §14-43-502(b)(1). These factors alone, in my opinion, give rise to an incompatibility of offices, and the courts of other states have so held. Kaufman v. Pannuccio, 121 N.J. Super. 27,295 A.2d 639 (1972), cert, denied, 62 N.J. 192, 299 A.2d 726 (1972); and Rogers v. Village of Tinley Park, 116 Ill. App. 3d 437, 72 Ill. Dec. 1, 451 N.E.2d 1324 (1983).
It is thus my opinion that a court, if faced with the question, would hold dual service as a city council member and a city police officers of the same city impermissible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh