The Honorable Bill Walters Arkansas State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding the constitutionality of A.C.A. § 14-42-115 (Cum. Supp. 1991), which states:
 (a)(1) It is lawful for a volunteer firefighter in any city of the first or second class or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer firefighter and receive compensation as a firefighter.
It is my opinion that this code section is constitutionally suspect. While the presumption of constitutionality accorded all legislative enactments must be recognized (see generally UrreyCeramic Tile Co. v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991)), the "separation of powers" implications in this instance raise constitutional questions that are not easily rebutted. The separation of powers doctrine contained in Article 4, Sections 1
and 2 of the Arkansas Constitution, would be the most likely basis for a challenge, with the argument focusing on the alleged dual exercise of executive (as firefighter) and legislative (as council member) powers.[1]
There is authority in Arkansas for the proposition that a firefighter who holds his position pursuant to civil service laws is an officer of the city and not an employee under contract, at least for purposes of an action to recover a salary. Fort Smithv. Quinn, 174 Ark. 863, 296 S.W. 722 (1927). While the Fort Smith case is certainly not directly on point, the court's citation of the following language from a prior decision at least suggests that it views a civil service firefighter position as generally reflecting the attributes of an office rather than mere employment:
 . . . if a duty be a continuing one, which is defined by rules prescribed by the Government, and not by contract, which an individual is appointed by the Government to perform, who enters on the duties appertaining to his station, without any contract defining them, if those duties continue, though the person be changed, it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer.
174 Ark. at 866, citing Lucas v. Futrell, 84 Ark. 540,106 S.W. 667 (1907). The court concluded that the civil service firefighter was "undoubtedly an officer of the city of Fort Smith." Id.
A question remains, however, concerning the applicability of the constitutional separation of powers doctrine in the context of local offices. See Op. Att'y Gen. 91-415, citing Peterson v.Culpepper, 72 Ark. 250, 79 S.W. 783 (1906) and State ex rel.Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). But seeMarshall v. Holland, 168 Ark. 449, 270 S.W. 609 (1925). This question will ultimately have to be resolved upon a court challenge. The separation of powers issue does compel me to conclude, however, that the statute is suspect.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] Of course, any challenge based upon the common law doctrine of "incompatibility" (see Tappan v. Helena Fed. Savings LoanAssn., 193 Ark. 1023, 1025, 104 S.W.2d 458 (1937) or previous statutory limitations (see A.C.A. § 14-42-107 which prohibits the appointment of any council member to any municipal office) could be countered with the assertion that § 14-42-115, passed in 1981, is the most recent expression of legislative intent, and will thus be controlling in the event of a conflict. See generallyState v. Lawrence, 246 Ark. 644, 429 S.W.2d 819 (1969).