The Honorable Fay W. Boozman, III State Senator 2901 Honeysuckle Lane Rogers, Arkansas 72758
Dear Senator Boozman:
This is in response to your request for an opinion on whether it is a conflict of interest for a city council member to serve on the city's volunteer fire department as a paid employee in the position of lieutenant. You note that the councilman in question serves the fire department on a part time basis with an annual salary of $10,316.60.
It is my opinion, although there may be room for disagreement, that such dual service is in all likelihood prohibited by the common law incompatibility of offices doctrine.
The issue is complicated by the existence of a statute passed by the General Assembly in 1981, which provides in relevant part that:
 (a)(1) It is lawful for a volunteer fire fighter in any city of the first or second class or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This dual service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer fire fighter and receive compensation as a fire fighter.
This office has previously opined that while this statute may operate to authorize a council member[1] to serve as a volunteer firefighter, and receive compensation as a firefighter, it would not operate to allow such a council member to serve as fire chief, a paid department head with ongoing supervisory duties. See Op. Att'y Gen. 95-178 (copy enclosed). I based this conclusion on the emergency clause to Act 124 of 1981, the original act giving rise to A.C.A. § 14-42-115. That clause stated, as regards the intention of the legislature on this point, that:
 It is hereby found and determined by the General Assembly that it is in the public interest that the citizens of this State be encouraged to participate in public affairs; that due to confusion in the present laws, many persons who serve as volunteer firemen are uncertain as to whether such service limits or restricts their authority to seek election to, and to serve on, the governing body of the municipality in which they serve as volunteer firemen; that it is the consensus of the General Assembly that the small amount of pay received by volunteer firemen only when they are called upon to render fire service duties does not constitute a conflict of interest within any statutory or constitutional limitation, and that the immediate passage of this Act is necessary to clarify the authority of volunteer firemen to serve on the governing body of the municipality wherein the firemen serve. . . . [Emphasis added.]
In issuing Opinion No. 95-178, I deemed the legislature's reference above to the "small amount of pay received by volunteer firemen only when they are called upon to render fire service duties" as evidence of legislative intent not to apply the statute to persons such as the fire chief, who, of course, receives more than a small amount of pay only when he is called upon to engage in fire service activities. The situation you have presented appears to be between a position as highly supervisory and as highly compensated as the fire chief, and the position of a rank and file volunteer firefighter with no set annual salary or administrative duties and who is only paid when called upon to render fire service duties. The lieutenant you have described has an annual part-time salary from the fire department in excess of ten thousand dollars. The first question for resolution is whether the legislature intended a fire employee such as this to be encompassed within the statute. It is my opinion that it did not. The legislature made the statute applicable to "volunteer firemen."See also Act 440 of 1981. It is in my opinion unclear whether the lieutenant at issue can be technically classified as a "volunteer firem[a]n," because he receives an actual annual salary. He is not a "volunteer," although he is employed by a volunteer fire department. In my opinion, therefore, the application of the statute to him is ambiguous. When a statute is ambiguous, reference may be had to the emergency clause thereof in order to determine the legislative intent.Heath v. Westark Poultry Processing Corp., 259 Ark. 141, 531 S.W.2d 953
(1976). In my opinion the emergency clause of Act 124 of 1981 evidences an intent to allow "volunteer firemen" who "receive a small amount of pay . . . only when they are called upon to render fire service duties" to run for, and if elected, serve on the city council. I can find no evidence of legislative intent to authorize the service of salaried employees of the fire department, whatever their rank, on the city council. It is thus my opinion that A.C.A. § 14-42-115 does not authorize the service at issue.
Given this conclusion (that A.C.A. § 14-42-115 does not authorize the service at issue), a review of Arkansas law must be made to determine whether the service is prohibited. In the context of dual-office holding, there are three categories of unlawful conflicts of interest; a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). I have found no constitutional or statutory prohibition to the service in question.[2] In my opinion, however, the service in question is prohibited by the common law "incompatibility of offices"[3] doctrine. See Tappan v. Helena Federal Savings LoanAssociation, 193 Ark. 1023, 104 S.W.2d 458 (1937). It has been stated under this doctrine that incompatibility exists "where there is a conflict of interest, which includes inter alia where one office is subordinate to the other." Byrd, supra, 240 Ark. at 745. The court inTappan, supra, stated:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other.
193 Ark. at 1025.
It is my opinion that as a council member, the lieutenant is in a position to exercise supervisory power over his employment as a lieutenant with the fire department. Section 14-53-101 of the Arkansas Code provides that city councils shall establish fire departments and shall promulgate such rules and regulations to govern the departments as they shall deem expedient. In addition, the council sets the salary of the fire department employees. It is unclear, from a review of the facts, whether the city council in the particular city at issue would have authority to remove the lieutenant from his position, but it does appear that the council would have some authority over the removal of his superior, the fire chief. See A.C.A. § 14-42-110 (Supp. 1995). It is therefore my opinion that the service of the city council member as a paid lieutenant with the volunteer fire department in all likelihood violates the "incompatibility of offices" doctrine, and is therefore prohibited.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The "council member" at issue in Opinion No. 95-178 was actually the mayor, who, in my opinion, would be considered a council member for purposes of A.C.A. §§ 14-42-115 and 14-42-107.
[2] As noted in Opinion 95-178, the constitutional separation of powers doctrine does not apply to municipal offices, and it is my understanding that A.C.A. §§ 14-42-107(a)(1) and (2) are inapplicable here, as the lieutenant in question was employed with the fire department prior to his service as a council member, and not vice versa.
[3] This doctrine only applies when two "offices" as distinguished from employments are at issue. It has been held that the position of municipal firefighter is an office. See Fort Smith v. Quinn, 174 Ark. 863,296 S.W. 722 (1927).