The Honorable Jeff Gillespie State Representative P.O. Box 524 Danville, AR 72833-0524
Dear Representative Gillespie:
You have presented the following questions for my opinion:
 (1) Does the office of fire chief for a city of the first class qualify as a municipal office pursuant to A.C.A. § 14-42-107(a)(2)?
 (2) Does the fire chief of a city of the first class qualify as a volunteer fire fighter under A.C.A. § 14-42-115?
You indicate that your questions arise out of a situation in which a fire chief for a city of the first class was elected to fill a vacancy on the city council.
RESPONSE
Question 1 — Does the office of fire chief for a city of the first classqualify as a municipal office pursuant to A.C.A. § 14-42-107(a)(2)?
I am unable to answer this question without more information about the particular position of fire chief that is in question. Nevertheless, I will discuss the characteristics that tend to indicate whether a particular position is a public office.
A.C.A. § 14-42-107(a)(2) states:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
A.C.A. § 14-42-107(a)(2).
The Arkansas Supreme Court has taken the position that a public "office" is indicated by the following characteristics:
 (1) The holder of position exercises some part of the State's sovereign power;
(2) The tenure, compensation, and duties are usually fixed by law;
(3) The holder of the position takes an oath of office;
(4) The holder of the position receives a formal commission;
(5) The holder of the position gives a bond.
See, e.g., Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952). In contrast, in a position that is not an "office," some or all of the characteristics listed above are lacking. Id. In order to determine whether the position of fire chief for a municipality constitutes an office, it will be necessary to consider whether the position carries the above-listed characteristics. I note that on various occasions, this office has viewed the position of "fire chief" as a "municipal office" within the meaning of A.C.A. § 14-42-107(a)(2). See, e.g., Ops. Att'y Gen. Nos. 98-047; 96-025; 95-178. Moreover, the Arkansas Supreme Court held that a fire chief appointed pursuant to certain civil service provisions was a municipal officer for purposes of determining whether he should be deemed to have a contract. See Fort Smith v. Quinn,174 Ark. 863, 296 S.W. 722 (1927).
Whether or not A.C.A. § 14-42-107(a)(2) applies, the situation would, in my opinion, be prohibited by the common law doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two positions that are "incompatible." The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). Byrd,240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v.Townsend, 72 Ark. 180 (1904), and as situations in which "one [position] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937).
In my opinion, the positions of fire chief and alderman are incompatible, because the position of alderman exercises some authority over the fire chief. This authority arises out of A.C.A. § 14-53-101, which grants city councils the power and duty to establish fire departments, to provide them with equipment, and to promulgate rules and regulations to govern them. This statutorily-granted authority gives the city council a substantial measure of power over the fire department, and this power inherently and directly impacts the fire chief. For this reason, I must conclude that the two positions are incompatible and therefore should not be held by one person.
I acknowledge that A.C.A. § 14-42-115 explicitly authorizes volunteer fire fighters to serve on the city council. As discussed in response to Question 2 below, it is my opinion that this statute does not apply to fire chiefs.
Question 2 — Does the fire chief of a city of the first class qualify asa volunteer fire fighter under A.C.A. § 14-42-115?
It is my opinion that the fire chief does not qualify as a volunteer fire fighter under A.C.A. § 14-42-115.
My predecessor addressed this precise issue in Opinion No. 95-178. He explicitly differentiated between the fire chief and volunteer fire fighters for purposes of A.C.A. § 14-42-115. He based this differentiation on the emergency clause of one of the acts from which this statute was codified (Act 124 of 1981).
He stated:
 The emergency clause contained in Act 124 indicates that the legislature did not perceive a conflict of interest with respect to "volunteer firemen" who receive a "small amount of pay . . . only when they are called upon to render fire service duties. . . ." Acts 1981, No. 124, § 3. The position of Fire Chief, a paid department head with ongoing supervisory duties, is in my opinion not reasonably encompassed within § 14-42-115.
Op. Att'y Gen. No. 95-178 at 3.
I agree with this analysis of A.C.A. § 14-42-115, as applied to the situation that you have described. You indicate that the fire chief in question is paid a salary and a per-fire amount, regardless of attendance at department meetings or at fires, whereas the other fire fighters in the department are paid only a small amount for each fire and for each department meeting attended. Accordingly, it appears that as explained in Opinion No. 95-178, this fire chief does not fall within the purposes of A.C.A. § 14-42-115. I must therefore conclude that he does not constitute a fire fighter within the meaning of that statute.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh