The Honorable David C. Hausam State Representative 1302 Quail Run Circle Bentonville, AR 72712-4175
Dear Representative Hausam:
You have presented the following question for my opinion:
 If a person were a part-time deputy sheriff with the Benton County sheriff's office and also a member of the Arkansas Army National Guard, would he have to resign his commission with the sheriff's department if he won the election for justice of the peace?
RESPONSE
It is my opinion that various provisions of Arkansas law, discussed below, either prohibit or discourage holding the positions of deputy sheriff and justice of the peace concurrently.
As an initial matter, I will address your mention of this individual's membership in the Arkansas Army National Guard. I take it that you have made this reference in connection with the provisions of Article 19, § 26
of the Arkansas Constitution, which states:
 Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office.
Ark. Const., Art. 19, § 26.
The above-quoted constitutional provision does not, in my opinion, have the effect of permitting dual service as deputy sheriff and justice of the peace on the grounds that the individual holding the two positions is also a member of the Arkansas Army National Guard (militia). In my opinion, Article 19, § 26 was intended to override any prohibitions that might have prevented the named officials from also holding an executive or judicial office that would have otherwise been foreclosed to that official on dual office-holding grounds because he or she was a militia officer, an officer of the public schools, or a notary. The purpose of this constitutional provision, as I read it, is limited to that of removing any dual office-holding prohibition as between the named position and one other elective position. See Marshall v. Holland,168 Ark. 449, 270 S.W. 609 (1925). This provision does not appear to have been intended to extend so far as to override all dual office-holding prohibitions that might exist between any two other offices that might be sought by the named officials, simply because they are named therein. Such a reading of this provision is overly expansive and incorrect, in my view.
The Arkansas Supreme Court interpreted Article 19, § 26 much more narrowly in Marshall, supra. Although the court in that case was not addressing the precise situation you have described, it did indicate that the purpose of the provision was limited to allowing dual office-holding only for those offices named therein. The question before the court was whether the offices of tax collector and treasurer could be held by one person. In holding that these two offices could not be held by one person, the court expressed its view that dual office-holding was permitted only where explicitly allowed by law. The court stated:
 [T]here is no provision in the Constitution for dual office-holding except in the instance of sheriff and collector of taxes, and all of those offices mentioned in 26, art. 19, namely, militia officers, officers of the public schools, and notaries. It follows therefore that there is no authority for joining together two offices in the same department, except those expressly permitted by the Constitution
Id. at 454.
This language indicates that the court will give a narrow reading to the applicability of Article 19, § 26 and will apply it to allow dual office-holding only for the offices named therein. In accordance with this more narrow reading of the provision, I must conclude that an individual's membership in the militia (or his position as a public school officer or a notary) does not broadly permit him to hold twoother offices that would otherwise be prohibited under dual office-holding principles. Therefore, this individual's membership in the Arkansas Army National Guard is irrelevant to an analysis of the issue you have raised.
It follows that the central issue is whether any dual office-holding prohibitions would prevent the individual in question from concurrently holding the offices of deputy sheriff and justice of the peace. The Arkansas Supreme Court has identified three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e.,
the common law "doctrine of incompatibility"). Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). I have identified all three types of prohibitions to the dual office-holding that you have described.
First, the provisions of A.C.A. § 14-14-502 explicitly prohibit the concurrent holding of the positions of deputy sheriff and justice of the peace. That statute establishes three separate branches of county government: legislative, executive, and judicial. Under Section 502(a) of this statute, the office of sheriff is explicitly included in the executive branch, and the office of justice of the peace is explicitly included in the legislative branch. The statute goes on to state:
 (b) LIMITATIONS. No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted.
A.C.A. § 14-14-502(b).
This provision of the county code directly coincides with the separation of powers provision of the Arkansas Constitution: Article 4, § 2. That provision states:
Separation of Departments.
 No person, or collection of persons, being one of these departments [executive, legislative, judicial], shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
Ark. Const., Art. 4, § 2.
The Arkansas Supreme Court interpreted an identical provision of the state's previous constitution to prohibit a deputy sheriff from holding the position of justice of the peace. See State Bank v. Curran,10 Ark. 142 (1849).[1]
In addition to the prohibition of A.C.A. § 14-14-502, I note that two other statutory provisions could, as a practical matter, preclude the dual service you have described.
One such statute is A.C.A. § 14-14-1205(c). It states:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
A.C.A. § 14-14-1205(c).
Although this statute does not explicitly prohibit the dual service, it would preclude the individual from receiving compensation for his service as a deputy sheriff, while serving as a justice of the peace.
Another statute that does not prohibit, but that could, in effect, preclude a deputy sheriff from serving as a justice of the peace is A.C.A. § 14-14-1202(c)(1). It states:
(c) No officer or employee of county government shall:
 (1) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1).
A deputy sheriff will clearly be interested in his own employment agreement with the county. Thus, if he is serving as a justice of the peace, that interest will be precluded by this provision.
Finally, it is my opinion that dual service as deputy sheriff and justice of the peace is prohibited by the common law principle of incompatibility. Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." See Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239
(1998).
In my opinion, because a justice of the peace, as a member of the quorum court, exercises considerable control over matters that affect county employees such as deputy sheriffs, an unlawful conflict of interest would be created if one person held both positions. Accordingly, the two positions are incompatible.
For all of the foregoing reasons, I conclude that if the individual in question is elected to the position of justice of the peace, he should resign his position as deputy sheriff.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It is unclear under current law whether the provisions of Article 4, § 2 apply to local governments. See Peterson v. Culpepper,72 Ark. 250, 79 S.W. 783 (1906); State ex rel. Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904).But see Marshall v. Holland, 168 Ark. 449, 270 S.W. 609
(1925).