VAUGHAN v. KENDALL (1).

VAUGHAN v MOORE (2).

VAUGHAN v. HAMILTON (3).

Opinion delivered July 9, 1906.

1. COLLECTOR OF TAXES—POWER OF LEGISLATURE.—Const. 1874, art. 7, § 46, in providing that the qualified electors of each county shall elect one sheriff, who shall be ex officio collector of taxes unless otherwise provided by law, contemplated that the sheriff should be collector only until the Legislature otherwise provided. (Page 590.)

2. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—An election or appointment to office creates no contract between the officer and the State such as is protected by the prohibition of the Federal Constitution against impairing the obligation of contracts. (Page 591.)

3. SAME—DECREASE OF SALARY.—There is no prohibition in the Constitution of 1874 against decreasing the salary of a sheriff or collector of taxes during his term of office. (Page 591.)

4. SAME—ACT CREATING COLLECTOR'S OFFICE.—The act of March 13, 1905, creating the office of tax collector for Madison County, and taking away from the sheriff of that county his duties and emoluments as ex officio collector in the middle of his term of office, is not unconstitutional. (Page 591.)

(1) Appeal from Madison Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

(2)  Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

(3)  Appeal from Madison Circuit Court; *J. S. Maples,* Judge; affirmed.

Although there are three different suits decided by this opinion, the issues are practically the same.

1.  The first of these cases was brought by Ben Vaughan in the Madison Chancery Court against Lem Kendall, the county clerk of Madison County, A. E. Moore, auditor, and J. P. Hamilton.

Vaughan alleged that he was elected sheriff and *ex officio* tax collector of Madison County in 1904, and he duly qualified as such by taking the oath of office, and received from the Governor of the State his commission for the term of two years. That he gave bond for the collection of taxes prior to the first Monday in December, 1904, and proceeded to collect taxes for that year. That in November, 1905, he executed bond for collection of taxes for the year 1905, and that said bond was approved on the 23d day of November, 1905, and that he was entitled to exercise the functions of the office of collector of taxes of Madison County until his term as sheriff should expire on October 31, 1906. He charged that Hamilton without authority was claiming to exercise, and was exercising, the duties and functions of the office of collector, and that in so doing he was interfering and threatening to interfere with plaintiff in discharging his duties as such collector. That Hamilton had conspired with Kendall, county clerk, whereby it was agreed that the tax books for the year 1905 should be delivered to Hamilton, and that Hamilton also conspired with Moore, auditor, by which it was agreed that Moore should deliver to Hamilton the blank tax receipt record and blank poll tax receipts, and prayed a restraining order to prevent the defendants from carrying out their alleged agreements and conspiracy.

Hamilton answered, admitting the election of Vaughan as sheriff and *ex officio* collector at the time alleged in complaint and for the period of two years from October 31, 1904, and that Vaughan had been commissioned by the Governor, and had qualified as sheriff and collector on the 31st of October, 1904, and admitted that Vaughan had been acting as sheriff since said date.

Denied that during all of the time claimed by Vaughan he had been discharging the duties of collector, and denied that Vaughan was at that time discharging or entitled to discharge said duties. Denied that he, Hamilton, without right, or authority, was undertaking to exercise the duties and functions of collector of Madison County, and denied that he was interfering with Vaughan in the discharge of any duty incumbent upon Vaughan as collector. Denied that he had conspired with the defendant, Kendall or Moore, as alleged.

By further answer Hamilton alleged, that by an act of the General Assembly of the State of Arkansas, passed and approved on the 13th day of March, 1905, he was duly appointed and commissioned by the Governor of the State tax collector of Madison County, and on the 15th of March, 1905, duly qualified and took the oath provided by law. That he executed bond as such collector, and that the same was duly presented to the county judge of Madison County and approved by him on the 29th of March, 1905, and filed a copy with the county clerk and a duplicate copy with the Auditor of State, and that thereafter on the 29th of November, 1905, he duly qualified as such collector, and executed the bond required by law, and had the same approved and filed as required by law.

Kendall and Moore adopted the answer of Hamilton, so far as the same was applicable, and properly denied the allegations of the plaintiff's bill.

The plaintiff demurred to the separate answers of the defendants, and, the cause coming on for trial upon the pleadings, exhibits, testimony and demurrer, the court overruled the demurrer of plaintiff to the separate answer of the defendant, to which the plaintiff excepted, and the court found that at the time of its refusal to issue the temporary restraining order which was presented to and passed on by the chancellor in chambers on the 15th day of December, 1905, the tax records and receipts and all other paraphernalia of the office of the tax collector of Madison County were not in the possession of either Ben Vaughan, plaintiff, or defendant J. P. Hamilton, but were in the possession of Lem Kendall, county clerk of Madison County, and A. E. Moore Auditor of State, and found that since the 31st of December, 1905, Hamilton, without any fraud, force or conspiracy with

Kendall, clerk, or Moore, Auditor, or either of them, has obtained the possessions of all the tax books, real and personal, all the tax records, blank tax receipts and other paraphernalia rightfully belonging to the office of tax collector of Madison County for the collection of taxes due for the year 1905, and has ever since been and was then in possession of the same, and the court found that said tax books, records, receipts, and other paraphernalia of the office of tax collector of Madison County for the year 1905 were not then and had never been in the possession of Vaughan. And the court found that there was no equity in the plaintiff's bill, and dismissed it.

2. In the second suit, Vaughan against Moore, Auditor, the plaintiff sought by mandamus to compel the Auditor to deliver to him the blank books and receipt record and blank poll tax receipts, alleging substantially the same things as alleged in the suit brought in the Madison Chancery Court.

The defendant, Moore, demurred, and, the demurrer being sustained, plaintiff rested and appealed.

3. After the determination of these suits, one in the chancery court in Madison County, and the other in the circuit court of Pulaski County, Vaughan brought this suit in the Madison Circuit Court, against Hamilton, making substantially the same allegations as made in the other suits, and alleged that Hamilton had forcibly intruded himself into the office of tax collector of Madison County and was without right exercising the duties of collector. He asked that Hamilton be required to show by what authority he had assumed to exercise the duties of tax collector and by what authority he deprived the plaintiff of the emoluments of the office, that Hamilton be ousted from the office and that plaintiff be reinstated, and asked judgment against Hamilton for the emoluments of the office.

Hamilton answered, admitted the election of Vaughan as sheriff of Madison County on the 5th of September, 1904, for the term of two years, and that this term as sheriff began on the 31st day of October, 1904, and would end on the 31st day of October, 1906, and that by virtue of his election as sheriff Vaughan became *ex officio* collector, but he alleged that Vaughan was only entitled to exercise the functions of *ex officio* collector by virtue of his election as sheriff until the collection of taxes

for the said county was otherwise provided for by law, and Hamilton denied that Vaughan gave bond as required by law as collector of taxes prior to the first of December, 1904, and denied that he gave bond as collector for the collection of taxes for the year 1905, and denied that said alleged bond was approved as required by law, and denied the filing of said bond with the county clerk and Auditor. He further denied that he without right or authority of law forcibly intruded into the office of tax collector of Madison County, or that he was proceeding in violation of the rights of Vaughan to exercise the duties of tax collector, or that Vaughan was deprived of the right to enjoy any emoluments or perform any duty which he had a right to perform.

Hamilton, further answering, alleged that, under the authority of the act of March 13, 1905, creating the office of tax collector of Madison County, he was by the Governor on the 13th day of March, duly appointed and commissioned tax collector of Madison County. On the 15th day of March, 1905, he qualified, took the oath of office, gave bond, filed copies with the clerk and Auditor as required by law; and that, under the act referred to, he was appointed and commissioned tax collector of Madison County on the 26th day of December, 1905, duly qualified, took the oath of office required by law, gave bond for the collection of taxes for the year 1905 as required by law, which bond was duly approved by the county judge and filed in duplicate with the county clerk of Madison County, and Auditor of State. And that, in pursuance of the authority conferred upon him, he gave notice of the times and places for the collection of taxes for Madison County for the year 1905, and was then engaged in the collection of such taxes.

Vaughan filed his demurrer to Hamilton's answer, which, coming on to be heard, was by the court overruled, and plaintiff, resting upon the demurrer, appealed.

The act under which Hamilton was appointed tax collector of Madison County was as follows:

"An act to create the office of tax collector in Madison County, Arkansas, and for other purposes:

"Be it enacted by the General Assembly of the State of Arkansas:

"Section 1. That the office of tax collector of Madison County is hereby created, which said officer shall be elected and shall qualify as other county officers, and shall hold his office for a term of two years, and give bond for the faithful performance of his duties, as now required by law; and shall receive as compensation for his services such fees as are now or may hereafter be allowed by law to *ex officio* collectors.

"Section 2. That the Governor shall appoint a tax collector, as herein provided, whose term shall expire October 31, 1906.

"Section 3. That this act shall take effect and be in force from and after October 31, 1905.

"Approved March 13, 1905."

*Ivie & Harris* and *Myers & Bratton,* for appellant.

1. This case calls for a construction of sec. 46, art. 7, Constitution of this State, and particularly of the clause, "unless otherwise provided by law."

It is elementary that a constitution operates prospectively; and construction must be in favor of prospective operation, unless a contrary intent is clearly established. 6 Am. & Eng. Enc. Law. (2 Ed.), 917, and authorities cited. Clearly, it is the meaning, and was the intent, of the Constitution that a sheriff should be elected who should be *ex officio* collector, unless *before the election* the Legislature had provided otherwise.

2. The office of collector is a constitutional office, created and having a term fixed by the Constitution. 37 Ark. 390. When appellant was elected to the office of sheriff, he was at the same time elected to the office of collector. They are separate and distinct offices. 33 Ark. 396; 57 Ark. 196. And if he did not forfeit his right to the office, it could not be taken from him, and any act that seeks to do so is unconstitutional and void. 10 Ark. 156; 61 Ark. 26; 1 Am. Rep. 422; 43 Am. Dec. 743; 26 Ark. 139; 46 L. R. A. 295; Cooley, Const. Lim. 277 and notes; Throop on Pub. Officers, § 20; 8 L. R. A. 228.

3. The length of a term of office is governed by the law as it existed at the time of the election. 148 N. Y. 677; 10 Wis. 532; Throop on Pub. Off. § 305; 10 Ind. 99; 23 Ill. 549; 54

Miss. 405; 7 Jones (N. C.), 545; 25 Am. Dec. 677; 44 Mo. 129.

4. Where one is elected, and, by virtue of such election, takes charge of an office, so long as he continues to act, claiming his right to act by virtue of his election, the law will not permit another forcibly, and independently of lawful proceedings and process, to intrude himself into the office. Hamilton should have proceeded by quo warranto. 34 Cal. 473; 26 Ark. 488; 23 Am. & Eng. Enc. Law (2 Ed.), 327; 48 Ark. 82; 17 Ark. 407; 60 Am. Dec. 771.

*Johnson & Combs* and *Walker & Walker,* for appellees.

1. The construction contended for by appellant is strained and untenable. The clause "unless otherwise provided by law" is notice to the sheriff that his tenure of the position of *ex officio* collector is dependent upon the will of the Legislature. Except as to the officers named therein, the Constitution contains no limitation in the matter of increasing or diminishing officers salaries. Art. 19, sec. 11, Const. 1874; 27 Ark. 176.

A public office is not a grant or contract, but is a trust or public agency. 32 Ark. 242; Throop on Pub. Officers, 1-4, 19; 19 Wall. 526; Beach on Cont. § 1643; 61 Ark. 25; 100 U. S. 528; 134 U. S. (33 Law Ed.), 825. An election or appointment to office creates no contract between the State and the officer which is protected by the clause of the Federal Constitution inhibiting the impairment of contracts. 40 Ark. 100.

The presumption of law is that an act of the Legislature is constitutional, and the courts will not declare an act unconstitutional unless there is a clear incompatibility between the act and the Constitution. 11 Ark. 481; Cooley's Const. Lim. 7 Ed. 242; *Ib.* 236 and note 1, and 237, note 2; *Ib.* 239; 25 Ark. 251; 39 Ark. 355; 76 Ark. 197.

2. The collectorship is but an incident to the office of sheriff. 37 Ark. 386.

HILL, C. J. These three appeals in different ways raise the same question, viz.: the validity of an act of the General Assembly, approved March 13, 1905, creating the office of collector of Madison County. Under this act J. P. Hamilton was appointed collector. Ben Vaughan had been elected sheriff, and had qualified as such and as *ex officio* collector. This act took the office

of collector away from him in the middle of his term, and authorized the Governor to appoint a collector. The act will be set out in the statement of facts.

The clause of the Constitution is as follows: "The qualified electors of each county shall elect one sheriff, who shall be *ex officio* collector of taxes unless otherwise provided by law." Art. 7, § 46. The natural meaning to be attached to this is that the sheriff shall be the collector until the Legislature otherwise provides. The sheriff takes office with this constitutional menace to his tenure on the collectorship staring him in the face, and has no legal cause of complaint if the Legislature exercises its power. It is contended that this clause should be construed to have reference to the status at the time the sheriff is elected, and should not affect his tenure of the collectorship, which was perfect when he was elected sheriff. Even if this construction was placed upon it, the appellant's case would not be helped. This could not be possibly taken as forbidding the Legislature to separate the offices, and the collectorship is an incident to the sheriff's office. which is not itself a constitutional office. *Falconer* v. *Shores,* 37 Ark. 386.

The election or appointment to office creates no contract between the officer and the State which is protected by the Federal constitutional inhibition against impairing the obligation of contracts. *Humphry* v. *Sadler,* 40 Ark. 100; *Vincenheller* v. *Reagan,* 69 Ark. 460; *Taylor* v. *Beckham,* 178 U. S. 548.

Certain offices have constitutional safeguards against decreasing salaries during the term of office, but the sheriff is not one of them, and *a fortiori* the collector is not. *Humphry* v. *Sadler,* 40 Ark. 100.

The Constitution "leaves the office of collector under legislative control." *Falconer* v. *Shores,* 37 Ark. 386.

The Legislature, having no constitutional inhibitions in its way, was sovereign in dealing with the office of collector of taxes, and, having the power to take it away from the sheriff in the middle of his term, proceeded to do so.

The judgments are affirmed.