MARSHALL *v.* HOLLAND (1).

BASS *v.* COOPER (2).

Opinion delivered April 6, 1925.

1. COUNTIES—DISBURSEMENT OF REVENUES—RIGHT OF TAXPAYER TO QUESTION.—As a taxpayer has a right to question the disbursement of county revenues, he may sue to declare void special acts of 1923, Nos. 125, 410, fixing the salaries of officers of Mississippi County.

2. TAXATION—SEPARATION OF COLLECTOR'S OFFICE FROM THAT OF SHERIFF.—Under Const., art 7, § 46, the office of tax collector may be disconnected from that of the sheriff, in the discretion of the Legislature, and the sheriff cannot object to such separation if the statute is otherwise valid; but, if the statute is open to attack upon other grounds, the incumbent of the sheriff's office has a standing in court to make an attack upon it.

3. OFFICERS—PROHIBITION AGAINST DUAL OFFICE-HOLDING.—Art. 19, § 6, of the Constitution, prohibiting the holding of more than one office in the same department of government, prohibits a county treasurer from holding the office of county collector.

4. OFFICERS—DUAL OFFICE-HOLING—INVALIDITY OF STATUTES.—Under Const., art. 7, § 46, and art 19, §§ 6, 26 *held* that the Legislature cannot annex the office of county tax collector to any other office than that of sheriff, so that Special Acts 1923, No. 125, § 3, making the county treasurer *ex officio* collector of taxes and fixing the salaries of sheriff and treasurer, is void, and, in the absence of other legal provisions, the sheriff continues as *ex*

*officio* collector, with the fees and salary fixed by the general law.

5.  STATUTES—UNCERTAINTY.—Special Acts 1923, No. 125, § 8, as amended by act No. 410, § 2, limiting the salaries of the circuit and county clerks to fees earned not to exceed a specified amount, *held* not void for uncertainty.

6.  CONSTITUTIONAL LAW—PROVISION FOR ADVANCED COSTS.—Special Acts 1923, No. 125, § 15, providing for advance costs in the various courts of record, without providing for a *pro rata* return of unused fees, is not invalid as requiring excessive fees or as denying justice, it being within the power of the Legislature to make reasonable provision for the payment of the costs of litigation so as to help defray the expenses of the courts.

7.  COUNTIES—CREATION OF OFFICE OF AUDITOR.—Special Acts 1923, No. 410, creating the office of county auditor of Mississippi County, is not unconstitutional as invading the jurisdiction of the county court over the disbursement of county funds and the auditing of accounts, nor as creating a permanent State office, in violation of art. 19, § 9, of the Constitution.

8.  CONSTITUTIONAL LAW—APPOINTMENT OF COMMISSIONERS TO MAKE SALE.—Special Acts 1923, No. 125, § 16, providing that the chancery clerk shall be the commissioner to make all sales ordered by the chancery court, is not invalid as invading the jurisdiction of that court.

9.  STATUTES—PARTIAL INVALIDITY.—Section three of Special Acts 1923, No. 125, providing for annexation of the office of county tax collector to the county treasurer's office is separable from the other provisions of the act, and its invalidity does not affect the validity of other portions of the act.

(1)  Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell,* Chancellor.

(2)  Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy, Judge;* reversal in both cases.

*Reed & Campbell,* for appellants.

*Nelson & Crawford, Little, Buck & Lasley* and *C. E. Sullinger,* for appellees.

McCULLOCH, C. J.  The two cases mentioned in the caption were consolidated, as they both involve substantially the same question, namely, the constitutionality of an act of the General Assembly of 1923 (act No. 125, Special Acts 1923, p. 244, as amended by act No. 410, Special Acts 1923, p. 863), relating to the county officers

of Mississippi County, placing the respective officers on salary and specifying the number and amount of the salaries of deputies, and other matters which will be hereinafter referred to.

The statute in question separates the office of sheriff and tax collector, and makes the county treasurer *ex officio* tax collector, and fixes the salary of that officer, as well as the sheriff; it creates the office of county auditor, to be appointed by the county court, with certain specified duties; it specifies the amount of the advance fees to be paid on the filing of causes in the courts of the county, and fixes the salaries of the clerks of the courts, payable out of the fees, and it also provides that the clerk of the chancery court shall act as commissioner of the court in chancery. There are other provisions of the statute unnecessary to mention, as these are the ones which are attacked as being invalid.

Appellant, H. F. Marshall, instituted one of these actions in the chancery court, alleging that he is a resident citizen and taxpayer of the county, and praying that the statute be declared void, and that the county judge and other officers, who are made defendants, be enjoined from putting the scheme into effect. The chancery court sustained a demurrer to the complaint and dismissed the complaint for want of equity. Appellant declined to plead further.

In the other case, appellant Bass is the sheriff of the county, and he instituted an action at law against appellee Cooper, the treasurer, under the usurpation statute (Crawford & Moses' Digest, § 10325 *et seq.*), alleging that the latter is wrongfully and illegally attempting to usurp the office to which he is entitled. The circuit court sustained a demurrer to the complaint in that action, and dismissed the complaint, when appellant Bass refused to plead further.

In the case of *Bass* v. *Cooper* there is only involved the question of the right of the appellee to discharge the duties of tax collector, but, in both cases, the contention is that there are invalid provisions in the statute which

cannot be separated, and that the whole of the statute must be stricken down.

In the case of *Marshall* v. *Holland,* the chancery court decided that the complaint was demurrable on the ground that appellant had no right to maintain the action, not having shown any interest in the subject-matter of the litigation. Counsel for appellees defend this ruling on the ground that the effect of the litigation is a challenge of the right to hold office, and, for that reason, the cause does not fall within the jurisdiction of the chancery court. To the extent that the right to hold office is involved, it is a mere incident to the suit, and a taxpayer has a right to maintain an action to prevent an alleged diversion of public revenues. *Lee County* v. *Robertson,* 66 Ark. 82. The fixing of salaries of public officers necessarily involves disbursement of the public revenues, and a taxpayer is therefore sufficiently interested to justify him in maintaining an action.

Power to disconnect the office of collector from that of sheriff having been conferred upon the Legislature by the Constitution (art. 7, § 46), the incumbent of the office of sheriff has no right to complain of the statute separating the two offices, if it is in other respects a valid enactment (*Vaughan* v. *Kendall,* 79 Ark. 584) ; but, if the statute is open to attack on other grounds, the incumbent has a standing in court to make an attack upon it. The principal assault upon the validity of the statute under consideration relates to this feature of it, and is common to both of the cases now before us. The Constitution (art. 7, § 46), provides that the sheriff "shall be *ex officio* collector of taxes, unless otherwise provided by law:" and another section of the Constitution reads as follows: "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution." Section 6, art. 19.

Section 3 of the statute under consideration provides that "the county treasurer shall be *ex-officio* col-

lector of taxes," and another section fixes the salary of the treasurer for the performance of the duties of both offices.

This court has held that the position of tax collector is a separate office, which, according to the express provision of the Constitution, may be held so long as the Legislature permits, by the incumbent of the sheriff's office, and no longer. *Ex parte McCabe,* 33 Ark. 396; *Falconer* v. *Shores,* 37 Ark 386. The opinion of this court in *Vaughan* v. *Kendall, supra,* is inaccurate in stating that the duties of tax collector are a mere incident to the other office. That statement is in conflict with the ruling of the court in the two other cases cited above. The point involved in that case was whether or not the two offices of sheriff and tax collector could be separated so as to affect the incumbency of the individual then in office, and we were not called on to decide the question whether the position of tax collector was in fact a separate office or was a mere incident to another office.

Section 26, art. 19, of the Constitution reads as follows: "Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." This provision and the one permitting the sheriff to be *ex-officio* collector of taxes are the only two provisions found in the Constitution expressly permitting dual office-holding. It is the contention of counsel for appellees that § 6, art. 19, relates only to officers in departments of the State Government, not to county officers, and they rely upon the decision of this court in *Peterson* v. *Culpepper,* 72 Ark. 230, in support of that contention. The insertion of the word "State" before the word "government" in that section of the Constitution is unwarranted, and the question of so interpreting the Constitution was not involved in the decision cited above. The question under consideration in that case related to the right of one person to hold the office of sheriff and chief of police of a municipality, the court upholding the right on the ground that there is no incompatibility between the two offices.

Section 6, art. 19, relates to the subject of incompatibility of dual office-holding and defines, to a certain extent, the instances in which a person may not hold two offices, but does not undertake to define what shall constitute the different departments of government. The offices of sheriff, collector, treasurer and certain other county officers are all embraced in § 46, art. 7, and this necessarily groups them as officers in the same department.

It is further contended by counsel for appellees that, since the Constitution expressly authorizes the separation of the office of collector of taxes from that of sheriff—in other words, makes other provision for the discharge of the duties of the office of collector—this necessarily clothes the lawmakers with supreme power in relation to such provision and permits the annexation of the collector's office to any other office under the Constitution. We do not think that this contention is sound, for the reason that the provision in § 6, art. 19, is an inhibition against dual office-holding, "except as expressly directed or permitted by this Constitution," and there is no provision in the Constitution for dual office-holding except in the instance of sheriff and collector of taxes, and all of those offices mentioned in § 26, art. 19, namely, militia officers, officers of the public schools. and notaries. It follows therefore that there is no authority for joining together two offices in the same department, except those expressly permitted by the Constitution. The authority found in § 46, art. 7, to "otherwise provide by law" for the office of collector, does not confer authority on the Legislature to annex it to an office other than that of sheriff. Placing the collector's office under legislative control does not imply authority to annex it to another office, for to do so would bring it in conflict with the other provision of the Constitution prohibiting dual office-holding.

The language of the opinion of this court in *Durden* v. *Sebastian County*, 73 Ark. 305, quoted in the brief, has not escaped our attention, but we do not construe the language as meaning that the collector's office may be

annexed to another county office. The court there was merely dealing with the power of the Legislature to separate it from the sheriff's office, and, in saying that the collector's office "may be filled by another person or officer than the sheriff," it was not meant to declare the law to be that the office could be annexed to another one. Nor can it be said that the mere fact that the office of tax collector is referred to in art. 7, § 46, forces the conclusion that the lawmakers may continue to treat it as an *ex officio* office and annex it to another office.

Our conclusion is that this feature of the statute is void, and it necessarily results that the office of tax collector falls back to its constitutional status as a part of the duties of the sheriff, since no other legal provision has been made for its separation.

That part of the statute which fixes the salary of the treasurer is also void, for the reason that we cannot assume that the lawmakers would have provided the amount of salary fixed by the statute or that they would have provided for the additional assistants or deputies if that officer was only to discharge the duties of treasurer, not including the *ex officio* duties of collector.

That provision of the statute fixing the salary of the sheriff and the number of his deputies is also void, for the reason that it cannot be assumed that the lawmakers would have thus placed this limitation upon the office of sheriff if that officer was to perform the *ex officio* duties of tax collector. Those provisions of the statute must therefore be eliminated, and the offices therein mentioned fall back into the status they occupied before the statute was passed; that is to say, the sheriff continues to be *ex officio tax* collector and is to receive the fees and emoluments prescribed by general statutes for the discharge of the duties of both offices; and the treasurer receives commissions under general statutes.

The next attack is upon § 8 of the statute, which fixes the salaries of the county clerk and circuit clerk and provides for the payment of those salaries out of the revenues of the offices arising from fees collected.

The contention is that this section is void for uncertainty, in that it does not provide definitely for the payment of the salary. We are of the opinion that there is no uncertainty about this provision of the statute, for it fixes the amount of the salaries, which are not to exceed the fees received in those offices. The power of the lawmakers is supreme with respect to fixing fees and emoluments of office, and we perceive no reason why such a limitation as is found in this statute may not be placed upon the amount to be received. It is definite and certain that those officers are to receive fees up to the specified amount of salaries and no more, and, if the fees are not earned in sufficient amount to make up the salary, it is limited to the amount so earned. It would be within the power of the Legislature to restrict the emoluments of those offices to a portion of the fees earned, and the result would be the same, so far as concerns the validity of the enactment, as the present statute which limits the amount of salary to the total amount of earned fees.

It is also contended that the feature of the statute (§ 15) which provides for the amount of the advance costs to be paid by litigants in each cause pending in the courts is void for the reason that the amounts are excessive, and constitute a denial of justice, or, rather, that it is in conflict with that provision of the bill of rights that every person is entitled to "obtain justice freely and without purchase." The staute provides for advance costs in the sum of $7.50 on appeals to the circuit court, and for an advance fee of $10 in all other circuit court cases; an advance fee of $7.50 for divorce cases and *ex parte* cases in the chancery court; $15 for all other proceedings in the chancery court, and $7.50 in the common pleas court. It is the contention that the requirement for the payment of these fees without a provision for a *pro rata* return of the fees not used in paying the salaries renders the provision oppressive and therefore unconstitutional. It cannot be said, we think, that the amount is excessive, and the fact that the unused amount of the fees goes into the public revenues does not render

the statute void. It is within the power of the Legislature to make reasonable provisions for the payment of cost of litigation so as to help defray the expenses of the courts. Our conclusion is that this provision of the statute is not invalid.

The next contention is that that part of the statute which creates the office of county auditor is unconstitutional. The argument is that this is an invasion of the constitutional jurisdiction of the county court in its control over the disbursement of county funds and in the auditing of accounts. This argument is unsound, for the reason that the creation of the office of auditor does not take away any of the jurisdiction of the county court; on the contrary, the duties of the auditor are in aid of that jurisdiction, and not in conflict with it. The control of the county court over the auditing of accounts is complete, notwithstanding the aid furnished by the auditor in the discharge of those duties. This feature of the statute is also assailed on the ground that it is in conflict with the provision of the Constitution which prohibits the creation of "any permanent State office not expressly provided for by this Constitution." The readiest answer to this contention is that the office is not a State office within the meaning of the Constitution. *Fort Smith District of Sebastian County* v. *Eberle,* 125 Ark. 350; *Little River County Board of Education* v. *Ashdown,* 126 Ark. 549.

Section 16 of the statute provides that the chancery clerk shall be the commissioner to make all sales ordered by the chancery court, unless he is disqualified, in which case one of his deputies shall be appointed, and there is an attack on this provision upon the ground that it constitutes an invasion of the jurisdiction and authority of the court. Such is not the effect of the statute, for the jurisdiction of the chancery court is left unimpaired. The appointment of commissioners, masters and receivers is not a matter necessarily and exclusively falling within the jurisdiction of the court, and it is within the power of the lawmakers to regulate those appointments. There

is a general statute on this subject (Crawford & Moses' Digest, §§ 10017 and 10042), the validity of which was distinctly recognized by the decision, of this court in *State v. Swaim,* 167 Ark. 225.

Section 18 of the statute provides that the violation of any provision of this statute by any officer shall render him guilty of a misdemeanor, punishable by fine, and that such officer may also be removed from office by the circuit court or chancery court, or by a circuit judge or chancellor, either before or after conviction, upon petition of ten taxpayers. The validity of this provision is assailed in the argument, but we do not think that the question arises in this case, further than the question of its validity may affect the validity of the whole statute; hence we proceed to a consideration of the final question presented in the case, whether or not the invalidity of some of the provisions of the statute necessarily strikes down the whole enactment.

Section 21 provides that "if any section, subsection, sentence or phrase in this act shall be held unconstitutional, such decision shall not affect the validity of the remaining parts of the act." There was a similar provision involved in the statute considered by this court in the case of *Nixon* v. *Allen,* 150 Ark. 244, and we held that the determination of the invalidity of certain features of the statute necessarily invalidated the whole, notwithstanding this provision. In that case, however, the provisions found to be invalid were so interwoven with all the other portions of the act that the whole scheme fell with the striking down of the particular provisions. Such is not the case here, for the invalid provisions with reference to the separation of the office of tax collector from the sheriff's office, the annexation of that office to the office of treasurer, and the fixing of salaries of those two officers, may be eliminated without disturbing the scheme otherwise prescribed in the statute. This is a separable provision of the statute, as it relates only to the two offices mentioned, and the elimination leaves the remainder of the statute intact. The same can be

said with reference to removal of officers, if that should be found to be invalid.

The decree of the chancery court in the one case and the judgment of the circuit court in the other case are each reversed, and the cause remanded with directions to grant the relief to the extent indicated in this opinion.