The Honorable Dan Dane Prosecuting Attorney First Judicial District P.O. Box 987 Forrest City, AR 72335
Dear Mr. Dane:
This is in response to your request for an opinion regarding whether a county attorney may also serve as the public defender for the same county. In my opinion, the holding of both of these offices by one person creates an unlawful conflict of interest under the common law doctrine of incompatibility of offices.
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The presence of any one of these three conflicts renders the dual office-holding in question impermissible.
We find no constitutional conflict prohibiting one person from holding the offices of both county attorney and public defender. Article 19, § 6 of the Arkansas Constitution generally prohibits any person from holding or performing the duties of more than one office in the same department of the government at the same time. We have said in numerous opinions that this provision only applies to state officers, meaning officers who are clearly designated as officers of a department of state government. SeePeterson v. Culpepper, 72 Ark. 230, 79 S.W. 782 (1904) andMurphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). InMarshall v. Holland, 168 Ark. 449, 270 S.W. 609 (1925), the Arkansas Supreme Court applied this provision to several county officers, holding that they were clearly designated in the Constitution as officers of the judicial department of state government. In my opinion, the county attorney and the public defender are not clearly designated officers of a department of state government. Accordingly, Art. 19, § 6 does not prohibit the holding of both of these offices by one person.
While there are also no statutes specifically prohibiting the holding of these two offices by one person, reference should be made to the statute governing the appointment and qualifications of the public defender, specifically A.C.A. § 16-87-105(c)(2) (1987), which prohibits the public defender from being physically related to or having business relations with certain local officials. Assuming this provision is complied with, we find no statutory conflict prohibiting the same person from holding both the office of county attorney and public defender.[1]
Our inquiry must now focus on whether the duties of these two offices are incompatible. In other words, does the discharge of the duties of one office conflict with the duties of the other office to the detriment of the public good? See Murphy v.Townsend, supra. Our research has not disclosed any Arkansas case directly on point. In my opinion, however, the incompatible nature of the duties of these offices is apparent. As county attorney, this person would represent county officials in civil matters, many of which are brought by prisoners or other criminals. As public defender, the person would represent individuals charged with crimes against whom a case was built and charges were brought by these same officials. The attorney's representation of these clients with directly conflicting interests would almost surely affect his ability to be a zealous advocate for each, which is his duty as an attorney. It is my opinion that the duties of these offices are incompatible to the detriment of the public good.
The potential conflict created by this dual office-holding is also illustrated by the following example. If the sheriff or prosecuting attorney of the county were involved in the issuance of an arrest or search warrant against an individual, the public defender would represent the individual in the resulting criminal action. If, at a later date, the individual filed a civil lawsuit based on allegedly improper conduct of the sheriff or prosecuting attorney in executing the above-mentioned warrant, this attorney would have to choose between his statutory duties to each of the parties involved. Actually, in such a situation, the attorney would likely be precluded from representing either party. See
Model Rules of Professional Conduct Rule 1.7 and 1.9. This type of conflict of interest is clearly detrimental to the public good. Because of the frequency with which this conflict could arise, as well as the general incompatibility of the duties involved, it is my opinion that one's simultaneous service as a county attorney and public defender may be successfully challenged.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] It should also be noted that public defenders in judicial districts of the first class are prohibited from engaging in the private practice of law. See A.C.A. § 16-87-106(b) (1987). This would include the First Judicial District. See § 16-21-117(b) (Supp. 1989). We are reluctant to construe this provision as prohibiting the public defender from practicing as the county attorney, because that is not, technically speaking, the private practice of law. Nevertheless, we recognize that the provision may be evidence of legislative intent that the public defender have no legal practice outside his duties as public defender.