The Honorable David Choate State Representative 709 North Main Beebe, AR 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion on the following questions:
 1. Would it be within the law for the Mayor of McRae to also serve as Fire Chief?
 2. In the event this is not legal, could he act as a volunteer fireman while serving as mayor?
It is my understanding that McRae is a city of the second class operating under the mayor/council form of government, and that the fire department does not operate under a civil service system.
It is my opinion that the answer to your first question is "no." In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v.State, 240 Ark. 743, 402 S.W.2d 121 (1966). While it appears that one's dual service as mayor and fire chief is not constitutionally prohibited, a statutory prohibition may, in my opinion, be found in A.C.A. §14-42-107(a)(2) (1987) which provides:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
This office has previously concluded that § 14-42-107(a)(2) prevents the mayor of a city of the second class from serving as municipal waterworks superintendent, where the latter position constitutes an office. See Op. Att'y Gen. 94-389, citing Op. Att'y Gen. 88-083 (concluding that §14-42-107 extends to the mayor of a city of the second class). Similarly, in my opinion, the Mayor's appointment to the office of municipal Fire Chief likely falls within this statutory prohibition. Seealso Op. Att'y Gen. 92-104 (applying § 14-42-107(a)(2) to the positions of mayor and police captain).
A challenge to the dual positions of Mayor and Fire Chief could, in my opinion, also be premised upon the common law doctrine of "incompatibility of offices." See Byrd v. State, supra; Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). It has been stated under this doctrine that incompatibility exists "where there is a conflict of interests, which includes inter alia where one office is subordinate to the other." Byrd, supra, 240 Ark. at 745. The Court inTappan, supra, stated:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other.
193 Ark. at 1025.
The offices of Mayor and Fire Chief in this instance are, in my opinion, clearly incompatible due primarily to the Mayor's power to appoint and remove the Chief under A.C.A. § 14-42-110(a) (1987) (stating that "[u]nless otherwise provided by state law," mayors of the first and second class cities and incorporated towns "shall have the power to appoint and remove all department heads. . . .")
It should be noted that I have considered in this regard the possible applicability of A.C.A. § 14-42-115(b) (Cum. Supp. 1993), which states:
 A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer firefighter and receive compensation as a firefighter.
While it is my opinion that this provision can be applied in this instance to authorize the Mayor's service as a volunteer firefighter (see response to Q.2, below), I do not believe it can reasonably be construed to sanction his service as Fire Chief. Section 14-42-115 is the codification of Acts 124 and 440 of 1981. The emergency clause contained in Act 124 indicates that the legislature did not perceive a conflict of interest with respect to "volunteer firemen" who receive a "small amount of pay . . . only when they are called upon to render fire service duties. . . ." Acts 1981, No. 124, § 3. The position of Fire Chief, a paid department head with ongoing supervisory duties, is in my opinion not reasonably encompassed within § 14-42-115.
It is my opinion, in response to your second question, that §14-42-115(b) in all likelihood authorizes the Mayor's service as a volunteer firefighter. This Code provision would, I believe, provide an exception to both the prohibition in § 14-42-107(a)(2) (discussed above) against the Mayor's appointment to a municipal office, and the common law incompatibility doctrine. Thus, there is no statutory conflict; nor is there a conflict by virtue of incompatible offices.
Although it was suggested in Attorney General Opinion 92-014 (copy enclosed) that § 14-42-115 may be subject to a constitutional challenge under the so-called "separation of powers" doctrine (Ark. Const. art. 4, § 2), subsequent opinions have noted that in the context of dual office-holding, this doctrine has been held applicable only to state offices. Op. Att'y Gen. 94-220, citing Murphy v. Townsend, 72 Ark. 180,79 S.W.2d 782 (1904) and Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783
(1906); Op. Att'y Gen. 93-302. This appears to be the general rule in other jurisdictions as well. See, e.g., Poynter v. Walling, 54 Del. 409,177 A.2d 641 (1962) (and cases cited therein); 16 Am. Jur. 2dConstitutional Law § 295 (1979).
Past confusion in this area may be attributable to the Arkansas Supreme Court's application of constitutional dual office-holding prohibitions to offices that are ordinarily considered local in nature. See Murphy v.Townsend, supra, (applying Ark. Const. art. 19, § 6 and art. 4, §§ 1 and 2 to the office of county and probate judge);[1] Marshall v. Holland,168 Ark. 449, 270 S.W. 609 (1925) (applying Ark. Const. art. 19, § 6 to prevent county treasurer's dual service as ex officio county tax collector). Those cases, however, involved offices that were designated in the constitution within a given department of government. As such, they were deemed encompassed within the constitutional provisions pertaining to dual office-holding. As stated in Murphy v. Townsend:
 The office of county and probate judge is provided for in the constitution, and while his jurisdiction is such as that he is ordinarily named as, and is in fact, a county officer, yet his office is clearly within the judicial department of state government, the counties being merely integral and necessary parts of the state government. It is not necessary to say anything as to the character and classification of this office further than that he is a judicial officer, and is in the judicial department, and is a state officer within the meaning of the constitutional provision on the subject.
Because § 14-42-115 clearly only involves municipal positions that are not provided for in the constitution, it may reasonably be concluded that there is no constitutional impediment to this legislative sanctioning of dual office-holding. Attorney General Opinion No. 92-014 is hereby superseded to the extent it suggests otherwise.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Article 19, Section 6 prohibits the simultaneous holding of more than one office in the same department of government; and Article 4, Sections 1 and 2 ("separation of powers") prohibits the simultaneous exercise of power in the different departments of state government.