The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, AR 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion on the following question:
 Can a coroner, as an elected official, legally appoint another elected official such as a county sheriff or deputy county sheriff to serve as a deputy coroner?
A conclusive answer to this question would require reference to the particular office held by the appointee. With regard, however, to the appointment of a county sheriff or a deputy county sheriff as a deputy coroner, it is my opinion that such an appointment may well be subject to challenge. Please note that I am aware that this is contrary to Attorney General Opinion 89-018, issued by a previous administration. It was concluded therein that one's simultaneous service as both deputy sheriff and deputy coroner generally presents no unlawful conflict of interest. While the question may ultimately require resort to the courts for final resolution, it is my opinion that Article 19, Section 6 of the Arkansas Constitution may be effectively cited in opposition to dual service as sheriff or deputy sheriff and deputy coroner. I must therefore disagree with the conclusion in Opinion 89-018 that there is no applicable constitutional prohibition in this regard.
Article 19, Section 6 provides as follows:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
This provision was applied in Marshall v. Holland, 168 Ark. 449,270 S.W. 609 (1925) to prevent a county treasurer's service as ex officio
county tax collector. The following language from that case is significant for purposes of your question:
 Section 6, art. 19, relates to the subject of incompatibility of dual office-holding and defines, to a certain extent, the instances in which a person may not hold two offices, but does not undertake to define what shall constitute the different departments of government. The offices of sheriff, collector, treasurer and certain other county officers [including coroner] are all embraced in § 46, art. 7 [of the Arkansas Constitution], and this necessarily groups them as officers in the same department.
168 Ark. at 454 (emphasis added).
Thus, while art. 19, § 6 is ordinarily viewed as applying to state
offices (see, e.g., Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783
(1906) and Op. Att'y Gen. 94-220), it apparently also applies to offices designated in the constitution as within a given department of government. See Op. Att'y Gen. 95-178. This would obviously include the offices of sheriff and coroner. It seems clear that it would also include the position of deputy sheriff, as the power conferred upon a deputy sheriff is by law co-extensive with that of the sheriff. See A.C.A. §14-15-503 (1987) and State Bank v. Curran, 10 Ark. 142 (1849). A question may remain, however, with respect to the position of deputy coroner, as there is no specific statute or constitutional provision addressing this position. See Op. Att'y Gen. 91-263.
It was concluded in Opinion 91-263 that although a county coroner has no specific statutory authority to appoint deputies, appointive authority resides in the coroner as the elected executive officer, assuming that the quorum court has in fact created the position of deputy coroner pursuant to Ark. Const. amend. 55, § 4. Reference to the local ordinance or other measure establishing the position may therefore be necessary in order to fully discern the powers and duties of the deputy coroner. Ordinarily, however, a deputy acts officially for another, as a substitute, and by his appointment exercises the office in his principal's right or name, his acts being of equal force with those of the officer himself. See Martindale v. Honey, 259 Ark. 416, 418,533 S.W.2d 198 (1976) (distinguishing deputies and assistants in determining whether a particular position is an office or a mere employment; citing 63 Am.Jur. 2d Public Officers and Employees, §§ 483 through 487, and 67 C.J.S.Officers, § 148). In this regard, insight into the official status of a deputy coroner may be gleaned from A.C.A. §§ 14-15-301 et seq. (Supp. 1997), which addresses the various powers and duties of county coroners. Specifically, Section 14-15-303 suggests that a deputy coroner acts officially, wherein it provides that "the coroner or his designateddeputy shall proceed to execute a death certificate in the form and manner required by law and release the body for final disposition." Seealso A.C.A. § 14-15-302(c)(2) (regarding the authority of deputy coroners with respect to toxicological samples).
Because the position of deputy coroner may therefore constitute an office, I must conclude that the dual service of a sheriff or deputy sheriff as deputy coroner is constitutionally suspect under Ark. Const. art. 19, § 6.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh