The Honorable Ed Wilkinson State Senator P.O. Box 610 Greenwood, AR 72963-0610
Dear Senator Wilkinson:
You have requested an Attorney General opinion concerning dual office holding by a city council member. The following opinion is a response to your request.
Your questions are:
 (1) Can a city council member of a second-class city serve in this position and also be employed by the county as a deputy coroner?
 (2) Can a volunteer fire fighter in a second-class city also serve as a city council member?
RESPONSE
Question 1 — Can a city council member of a second-class city serve inthis position and also be employed by the county as a deputy coroner?
It is my opinion that a city council member in a second-class city can also be employed by the county as a deputy coroner.
This question is governed by the legal principles that have developed in relation to the issue of dual office holding.[1] The Arkansas Supreme Court has identified three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966).
It is my opinion that there are no constitutional or statutory prohibitions to dual service as a city council member and as a deputy coroner. Although city council members are prohibited from holding other municipal offices, see A.C.A. § 14-42-107, there are no statutes or constitutional provisions that would prohibit them from holding a county office such as deputy coroner. Similarly, although county officers cannot hold other offices in the same department of government, see Ark. Const., art. 19, § 6; Marshall v. Holland, 168 Ark. 449, 270 S.W. 609
(1925), or in another county department, see A.C.A. § 14-14-502(c) (Supp. 2001), they are not prohibited by any statute or constitutional provision from holding municipal offices, such as the office of city council member.
Moreover, dual service in the positions of city council member and deputy coroner is not, in my opinion, prohibited by the doctrine of incompatibility, because the interests of the two positions do not conflict, and neither position has supervisory or auditory authority over the other. Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,103 S.W.2d 458 (1937); State ex rel Murphy v. Townsend, 72 Ark. 180
(1904).
For these reasons, I conclude that it is permissible for a city council member in a second-class city to be employed simultaneously as a deputy coroner for the county.
Question 2 — Can a volunteer fire fighter in a second-class cityalso serve as a city council member?
The answer to this question will depend upon the fire fighter's particular position with the fire department. It is my opinion generally that a volunteer fire fighter in a second-class city can also serve as a city council member. However, as explained below, dual service of this nature is not permitted for certain members of the volunteer fire department.
Dual service by volunteer fire fighters is expressly permitted under A.C.A. § 14-42-115, which states:
 (a)(1) It is lawful for a volunteer fire fighter in any city of the first or second class or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serve and receive compensation as a member of the governing body of any city of the first or second class or incorporated town and simultaneously serve as a volunteer fire fighter and receive compensation as a fire fighter.
 (c) The provisions of this section shall not apply after August 13, 1993, to any city having a city administrator form of government.
A.C.A. § 14-42-115.
It should be noted, however, that the above-quoted provision may not be applicable to certain members of the volunteer fire department. For example, my predecessor opined that A.C.A. § 14-42-115 did not operate to allow a city council member to serve as a fire chief who was a paid department head with ongoing supervisory duties. See Op. Att'y Gen. No.95-178. He based this conclusion on the emergency clause of Act 124 of 1981 (the Act from which A.C.A. § 14-42-115 was encoded). He interpreted the term "volunteer fire fighter," as used in that emergency clause, to mean one who receives a "small amount of pay . . . only when they are called upon to render fire service duties. . . ." Id.; Acts 1981, No. 124, Emergency Clause. He determined, on the basis of that interpretation of the emergency clause, that a fire chief did not constitute a "volunteer fire fighter" within the intended meaning of that Act. He further determined that because fire chiefs could not engage in dual service under A.C.A. § 14-42-115, this particular fire chief's dual service as city council member was prohibited by A.C.A. § 14-42-107
(prohibiting city council members from holding other municipal offices). I agree with his conclusion.
On the basis of the same reasoning, my predecessor also opined that a fire department lieutenant who was a regular paid employee of the department, receiving a regular part-time salary in excess of $10,000.00 annually, was not a "volunteer fire fighter" within the meaning of A.C.A. § 14-42-115. Op. Att'y Gen. No. 96-025.
I therefore conclude that the question of whether the individual in question may serve simultaneously as a volunteer fire fighter and a city council member will depend on the particular position he holds (or would hold) with the fire department. If he is a "volunteer fire fighter" within the intended meaning of A.C.A. § 14-42-115, as reflected in the emergency clause of Act 124 of 1981, his dual service is permissible under that statute. If not, the situation must be examined further to determine whether any statutory or constitutional prohibitions apply to it, or whether it is barred by the doctrine of incompatibility.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] My predecessor opined that the position of deputy coroner can be deemed an "office" for purposes of dual office holding principles. See
Op. Att'y Gen. No. 97-418. I agree with this conclusion and the reasoning upon which it was based.