The Honorable Beverly Pyle State Representative
1017 Dorothy Drive Cedarville, Arkansas 72932-9501
Dear Representative Pyle:
You have requested my opinion in response to the following questions concerning a county coroner:
 1. Whether it is legal for an elected county coroner as established in the Arkansas State Constitution to also be an employee of a county sheriff's department as an investigator or in any other position?
 2. If the answer to the first question is no, can the elected county coroner legally work as a county employee in any other capacity for the county in which they are elected?
RESPONSE
Neither one of these questions can be answered with a simple "yes" or "no." As explained further below, consideration must be given to the specific position, as well as the particular surrounding facts. The questions must be analyzed under the body of law governing unlawful conflicts of interest arising from concurrent service in two positions. Such "dual service" can be prohibited by the constitution or statutes, or by the common law. Op. Att'y Gen. 2006-149, citing Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966).
While I am thus unable to definitively answer either question, the discussion below will hopefully offer sufficient guidance in addressing the legal issues that *Page 2 
might arise in connection with a coroner's simultaneous service in particular positions.
Question 1 — Whether it is legal for an elected countycoroner as established in the Arkansas State Constitution to also bean employee of a county sheriff's department as an investigator orin any other position?
With regard to the position of "investigator" in the sheriff's department, your question most likely implicates two categories of conflicts of interest: a constitutional conflict and a conflict created by offices having incompatible duties. I cannot definitively identify the relevant legal principle in the absence of additional information concerning the particular position at issue; but if the coroner would be serving as a deputy sheriff in the same county in his capacity as "investigator," it is my opinion that Article 19, Section 6 of the Arkansas Constitution likely prohibits such dual service.[1] This office has previously opined that a deputy sheriff holds an "office" within the art. 19, § 6 proscription, given that the power conferred upon a deputy sheriff is by law co-extensive with that of the sheriff.See Op. Att'y Gen. 97-418 (citing A.C.A. § 14-15-503 andState Bank v. Curran, 10 Ark. 142 (1849), and concluding that dual service as a deputy sheriff and deputy coroner is constitutionally suspect.) I agree, and refer you to the 1997 Opinion for the full analysis, a copy of which is enclosed for your convenience. See also Op. Att'y Gen. 2001-296 (observing that county officers cannot hold other offices in the same department of government, citing Ark. Const. art. 19, § 6 andMarshall v. Holland, 168 Ark. 449, 270 S.W. 609 (1925)). A coroner, under the same analysis, holds an executive office that is subject to Ark. Const. 19, § 6.[2] In my opinion, therefore, a coroner's simultaneous service as a deputy sheriff would likely offend Ark. Const. art. 19, § 6's dual office-holding prohibition.
The issue is less clear, in my opinion, if the position of investigator is not a deputy sheriff position, i.e., it is not an office.[3] The inquiry in that case likely focuses on *Page 3 
the common law "doctrine of incompatibility." While this doctrine ordinarily applies to the concurrent holding of two offices, seeByrd v. State, supra, and Op. Att'y Gen. 2006-127, I and my predecessor in office have opined that it can apply as well to the simultaneous holding of an office and a public employment. Op. Att'y Gen. 2006-219 at footnote 4, citing Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998) and Op. Att'y Gen. 2006-066.
The Arkansas Supreme Court has described the incompatibility doctrine as applying in situations in which "the discharge of the duties of the one [position] conflict[s] with the duties of the other, to the detriment of the public good." State ex relMurphy v. Townsend, 72 Ark. 180 (1904). The Court further expounded upon the doctrine more recently inThompson v. Roberts, supra, stating:
 One commentator has explained, `Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both.' Eugene McQuillin, 3 The Law of Municipal Corporations, § 12.67 (3d ed. 1990).
333 Ark. at 549.
In my opinion, simultaneous service as a coroner and sheriff's department investigator raises concerns of the sort catalogued in this excerpt. Because a finding of incompatibility arises from the nature of the duties of the positions involved, it is necessary to examine the duties of a coroner on the one hand and the duties of a sheriff's investigator on the other. A coroner's function is to determine the cause of death and to opine whether a crime has occurred:
 When a death is reported to the coroner, he shall conduct an investigation concerning the circumstances surrounding the death of an individual and gather and review background information, including, but not limited to, medical information and any other *Page 4 
information which may be helpful in determining the cause and manner of death.
A.C.A. § 14-15-301 (Repl. 1998). See also Op. Att'y Gen. 2000-204; Op. Att'y Gen. 99-208 ("Determining the cause and manner of death is the principle [sic] historical duty of a coroner.See, e.g., 18 C.J.S. Coroners § 10.").
A county coroner "shall be given access to all death scenes" in order to carry out his investigation into the cause and manner of death.[4] A coroner's investigation does not include criminal investigation responsibilities.[5] But the coroner clearly has certain investigatory duties at the scene of a death:
 If, after conducting an investigation, the law enforcement agency and prosecuting attorney of the jurisdiction are satisfied that no crime has occurred, the coroner is satisfied that the death is not the result of a crime, and the coroner knows to a reasonable certainty the cause and manner of death, the coroner or his designated deputy shall proceed to execute a death certificate in the form and manner required by law and release the body for final disposition.
A.C.A. § 14-15-303 (Repl. 1998) (emphasis added).
With regard to the position of a county sheriff "investigator," there is no statute specifically addressing that position or delineating the associated duties. It is therefore difficult to conclude that the nature of the duties of a coroner and sheriff's investigator are necessarily "inherently inconsistent or repugnant." However, I do foresee the possibility of inconsistent duties. For instance, I can imagine a case where the sheriff desires a conclusion that a death was (or was not) caused by a crime. Section 14-15-303, supra, envisions agreement among the sheriff, coroner, and prosecutor as to the absence of a crime.[6]
The sheriff presumably exercises control over an investigator; and if the investigator has investigation duties at a death scene, and is also the coroner, the sheriff would appear to have undue influence over the coroner's investigation. In my opinion, *Page 5 
the public interest demands that the coroner be able to independently perform his or her statutory duties. If it is shown that the performance of the duties of investigator interferes with the duties of coroner, then in all likelihood one's simultaneous service in these positions will be prohibited under the common-law doctrine of incompatibility.
As a final note regarding a coroner's employment as an investigator in the county sheriff's department, I have considered and rejected the possibility that this might be prohibited by A.C.A. § 14-15-305 (Repl. 1998), which states: "County coroners may be employed by any city emergency medical service, county emergency medical service, or joint city and county emergency medical service." My review indicates that this statute, which is the codification of Act 484 of 1989, was enacted after the issuance of several Attorney General Opinions on the question of whether an elected coroner could be employed by the ambulance service that was under contract with the county. It was concluded in Opinions86-361 and 89-025 that this would be a conflict of interest under A.C.A. § 14-14-1202(c)(1), the county ethics statute which prohibits any county officer or employee from being interested in any contract entered into on behalf of the county.[7] It is clear following the enactment of section 14-15-305 that a coroner may be employed by a county emergency medical service, including an ambulance service. However, I do not read into this statute a general prohibition of other county employment. In my opinion, the question instead requires a conflicts of interest analysis, as discussed above, which turns on the particular concurrent service at issue.
In response to that part of your question concerning whether a coroner can be employed in a sheriff's office "in any other position," I am aware of no blanket authorization or proscription in this regard. The answer depends instead upon the *Page 6 
particular position and other surrounding facts. Because the analysis is the same as that under your second question, I will now proceed to that question.
Question 2 — If the answer to the first question is no, canthe elected county coroner legally work as a county employee in anyother capacity for the county in which they are elected?
As with your first question, this question does not lend itself to a "yes" or "no" answer. I am aware of no outright bar to a county coroner serving the county in some other capacity.[8] A conflict of interest analysis must be undertaken with reference to the specific "other capacity." Because your question refers to the coroner working as a "county employee," I assume the position at issue is not an office.[9] Accordingly, the inquiry probably focuses on whether the dual service is prohibited either by statute or the common law "incompatibility" doctrine.
I will not repeat the basic test for "incompatibility," which is set out above. In order to determine whether the positions are incompatible as a matter of law, there must be a complete exploration of the duties and responsibilities imposed by law upon each position, with an eye to the potential antagonism between the positions. This inquiry must obviously be undertaken with reference to specific positions of employment.
With regard to a possible statutory prohibition, several conflict of interest statutes are of note. The County Government Code provides a standard of ethics that encompasses conflicts of interest. As noted above, A.C.A. § 14-14-1202(c)(1)(A)(i) (Supp. 2009) prohibits county officers and employees from having an interest in any contract or transaction of the county. As one of my *Page 7 
predecessors observed, however, "this statute does not apply to county employees accepting paychecks from the government, but rather to contracts that the county has entered into with other entities." Op. Att'y Gen. 94-098. Accordingly, unless the coroner's work for the county in another capacity involves a county contract or transaction as contemplated by subsection 14-14-1202(c)(1)(A)(i), it appears that there is no conflict under that statute simply by virtue of a coroner's simultaneous service as a county employee.
Other conflict of interest prohibitions are directed toward preventing public officers and employees from using their positions to attain personal gain over and above that which would normally accrue to them as a result of the performance of their duties:
 PUBLIC TRUST. (1) The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government.
 (2) An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county.
 (3) The officer or employee may not use his or her office, the influence created by his or her official position, or information gained by virtue of his or her position to advance his or her individual personal economic interest or that of an immediate member of his or her family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a) (Supp. 2009).
A similar conflict of interest provision applicable to public officials provides in pertinent part:
 (a) No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemptions for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he or she has a substantial financial relationship that are not available to others except as may be otherwise provided by law. *Page 8 
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his or her position, nor shall he or she otherwise use such information for his or her personal gain or benefit.
A.C.A. § 21-8-304 (Supp. 2009).
The application of these statutes in a given situation is clearly highly dependent upon the particular facts. They do not stand as a general bar to a coroner's simultaneous service as a county employee.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
Enclosure
[1] Article 19, Section 6 states: "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution."
[2] Article 7, Section 46 of the Arkansas Constitution establishes the position of coroner among the listed elective county executive offices. See also A.C.A. §§ 14-14-502(b)(2)(A) (Supp. 2009) and14-14-603(b)(4) (Repl. 1998).
[3] This may require reference to the county ordinance or other measure that establishes county positions. Pursuant to Ark. Const. Amend. 55, § 4, the quorum court "fix[es] the number and compensation of deputies and countyemployees." (Emphasis added). See also
A.C.A. § 14-14-801(b)(6).
[4] A.C.A. § 14-15-302(b)(1) (Supp. 2009). See alsogenerally Op. Att'y Gen. 95-263.
[5] A.C.A. § 14-15-302(a).
[6] Agreement as to the absence of a crime is a prerequisite to the coroner's execution of the death certificate and release of the body for final disposition. A.C.A. § 14-15-303.
[7] Subsection 14-14-1202(c)(1) provides in full in relevant part:
 No officer or employee of county government shall:
 (A)(i) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing for his or her use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1) (Supp. 2009).
[8] I am unaware whether your questions implicate any standards of the recently-formed Coroner's Advisory Task Force. See
A.C.A. § 14-15-307 (Supp. 2009). Reference to any such standards is advisable.
[9] If it is an office, then other specific state laws come into play. As explained above, based on previous opinions of this office, the coroner cannot hold another office in the executive department of county government without violating Ark. Const, art. 19, § 6. If, on the other hand, the other office is in the legislative or judicial department, then such dual service may well run afoul of A.C.A. § 14-14-502, which establishes separate branches of county government, similar to state government (Ark. Const. art. 4, §§ 1 and 2). See, e.g., Op. Att'y Gen. 2002-133 (opining, based on both separation of powers and the "incompatibility" doctrine, that one person may not lawfully serve as both county coroner and as a member of the county quorum court). Like the separation of powers provision of Ark. Const. art. 4, § 2, subsection 14-14-502(b) states that "[n]o person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted." *Page 1